**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**LI ZHANG**                                                         **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:23CV71-GHD-DAS**

**MISSISSIPPI STATE UNIVERSITY and**
**MISSISSIPPI BOARD OF TRUSTEES OF**
**STATE INSTITUTIONS OF HIGHER LEARNING**               **DEFENDANTS**

**DEFENDANT MISSISSIPPI STATE UNIVERSITY'S**
**ANSWER AND DEFENSES**

Subject to and without waiving its Motion to Dismiss, defendant Mississippi State University ("MSU") files its Answer and Defenses to the Complaint filed by Dr. Li Zhang ("Zhang") as follows:

**I.**
**ANSWER**

MSU answers the Complaint, paragraph by paragraph, as follows:

**PARTIES**

1. MSU admits that Zhang is employed as a Professor within its Richard A. Rula School of Civil and Environmental Engineering ("CEE" or the "CEE School"), which is a program of study within MSU's James Worth Bagley College of Engineering (the "College of Engineering"), and it further admits that Zhang is tenured.

2. MSU admits that it is a public institution of higher learning, that its primary campus is located in Starkville, Mississippi, and that it has been served with process in this matter.

1

3.      MSU admits that the Mississippi Institutions of Higher Learning system is under the governance of its Board of Trustees, which is the constitutional governing body responsible for policy and financial oversight of the public institutions of higher learning in Mississippi, including MSU.  MSU further admits that the Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL") has been served with process in this matter.

### JURISDICTION AND VENUE

4.      MSU denies that this Court has jurisdiction over any claims for which there is sovereign immunity, but it admits that, for claims not barred by sovereign immunity, this Court has federal question jurisdiction and supplemental jurisdiction over Zhang's state law claims.

5.      MSU admits that this district is the proper venue for the claims alleged in this action.  Otherwise, denied.

### BACKGROUND AND FACTS

6.      Admitted.

7.      MSU admits that Zhang has worked for MSU in various faculty positions within its CEE School since 2005, and that Zhang works with an emphasis in transportation engineering.  MSU further admits that Zhang is originally from China.  MSU further admits that Zhang holds tenure status but denies that he has only held such status since 2021. MSU denies the remaining averments of paragraph 7.

8.      MSU is without knowledge or information sufficient to form a belief as to Zhang's personal concerns or impressions.  Otherwise, denied.

9.     MSU states that any documented passing rates of students will speak for themselves.  Otherwise, at this time, MSU is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

10.     MSU is without knowledge or information sufficient to form a belief as to Zhang's personal feelings.  MSU further states that any documented highway fatality rates will speak for themselves.  Otherwise, denied.

11.     MSU admits that Zhang has made contributions to the body of research within the field of civil engineering.  At this time, MSU is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 concerning the extent of his claimed workload, contributions, and research funding for which he is responsible.  Otherwise, denied.

12.     MSU is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.[2]

13.     MSU admits that Zhang has reported certain physical ailments and has requested leave in connection with undergoing surgical procedures.  MSU, however, is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 concerning the severity of Zhang's physical ailments.  MSU further states that the ADA speaks for itself, and it denies the allegations of paragraph 13 to the extent Zhang seeks to establish qualifications not otherwise found in the ADA or seeks to impose additional or unnecessary requirements on any defendant.  Otherwise, denied.

---

[2] With respect to footnote no. 2 referenced within paragraph 12 of Zhang's Complaint, MSU admits that Zhang applied for MSU's daycare program, and his child or children were placed on waitlists. Otherwise, denied.

14. MSU admits that Dr. Dennis Truax retired from his employment with MSU in the summer of 2021, and is currently a Professor Emeritus. MSU further admits that, prior to his retirement, Dr. Truax served as the CEE department head and director, and he served as director of the Mississippi Transportation Research Center (the "MTRC"). MSU further admits that the MTRC, among other things, engages in research efforts in support of the needs of the Mississippi Department of Transportation ("MDOT"). Otherwise, denied.

15. Denied.

16. MSU admits that Dr. Isaac Howard, who was named the CEE Director following Dr. Truax's departure, and Dr. Jason Keith, who is the Dean of the College of Engineering, participated in a meeting with Zhang. MSU further admits that Zhang was asked to teach a class previously taught by Dr. Truax. Otherwise, denied.

17. MSU admits that an assistant clinical professor, who is white, was asked to teach a separate class that was previously taught by Dr. Truax. MSU is currently without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 concerning the number of students in the two classes referenced therein. MSU further admits that there was a discussion concerning Zhang's willingness to teach the class he was asked to teach, and that Zhang was ultimately required to teach the class. Otherwise, denied.

18. MSU admits that the class schedule could not be changed. Otherwise, MSU is currently without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 18.

19. MSU admits that Zhang has submitted requests for leave in connection with caring for his son as well as his own physical ailments. Otherwise, denied.

20.     MSU admits that Zhang had made his superiors aware of certain physical ailments by December 2021. MSU, however, is without knowledge or information sufficient to form a belief as to the severity of Zhang's physical ailments or how long he had experienced them. Otherwise, denied.

21.     MSU admits that Zhang scheduled a surgery for December 1, 2021, and that Zhang informed his superiors of the said surgery. MSU further admits that Zhang submitted a leave request but denies that it was submitted correctly or in compliance with applicable policies. MSU is without knowledge or information sufficient to form a belief as to the recommendations from Zhang's physician, the physician's schedule, the date that Zhang learned of the opening for surgery, or the timeline of Zhang's decision-making. Otherwise, denied.

22.     MSU admits that Zhang's leave request was approved on January 27, 2022. MSU further admits that Zhang submitted a request for travel reimbursement, which was denied by MSU. MSU further admits that it cited Zhang's pending leave request, which noted January 17, 2022 as the date he could return to work, as a reason for denying the travel reimbursement. MSU is without knowledge or information sufficient to form a belief as to the timeline of Zhang's recovery or when he was cleared to return to work. Otherwise, denied.

23.     MSU is without knowledge or information sufficient to form a belief as to whether Zhang "did his best" to complete exams and grades for his students. MSU admits that Zhang gave his superiors a copy of the exam, graded exams, and participated in the process of securing a proctor to administer the exams. Otherwise, denied.

5

24.	MSU admits that, for certain students, Zhang did not finalize exam grades by the deadline to do so and communicated this fact, as well as his plan for creating a grade for the said students, to the affected students. MSU is without knowledge or information sufficient to form a belief as to the reason why Zhang was unable to finalize grades. Otherwise, denied.

25.	MSU admits that Zhang's superiors created a contingency plan to assign grades to students if Zhang was unable to do so in the necessary amount of time. Otherwise, denied.

26.	MSU admits that students complained, and it further admits that grades were changed. MSU is currently without knowledge or information sufficient to form a belief as to whether Zhang has ever seen the said complaints. Otherwise, denied.

27.	Denied.

28.	MSU admits that, on December 18, 2021, Zhang e-mailed his students about changes to their grades, among other things. MSU further admits that Zhang included his superiors on the list of recipients of the said e-mail. Otherwise, denied.

29.	MSU admits that, in response to Zhang's December 18, 2021 e-mail to his students, MSU's Provost and Executive Vice President, Dr. David Shaw, e-mailed Zhang, with Dr. Isaac Howard, Dr. Kari Reeves, Leslie Corey, and Jessica Northcutt copied on the correspondence. MSU further admits that, in addition to requesting a meeting with Zhang, Dr. Shaw's e-mail included an instruction that, "[i]n the meantime," Zhang not send any further e-mail correspondence to his students. Otherwise, denied.

30.	MSU admits that Zhang filed a Charge of Discrimination with the EEOC on March 1, 2022 that alleged discrimination based upon his race. Otherwise, denied.

6

31. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that a white non-faculty member served as an advisor for the student chapter of the Institute of Transportation Engineers, and it additionally admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. Otherwise, denied.

32. MSU admits that Dr. Isaac Howard was hired as the director of the CEE School. Otherwise, denied.

33. MSU admits that Zhang filed additional and amended charges with the EEOC. Otherwise, denied.

34. MSU admits that Zhang received right to sue letters from the EEOC. Otherwise, denied.

## COUNT 1
### DEPRIVATION OF LEAVE RIGHTS

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT 2
### VIOLATION OF ACADEMIC FREEDOM

39. Denied.

40. MSU admits that grades assigned by Zhang were changed, and it further admits that, in addition to requesting a meeting with Zhang, an e-mail from MSU Provost Dr. Shaw included an instruction that, "[i]n the meantime," Zhang not send any further e-mail correspondence to his students. Otherwise, denied

41. Denied.

42. MSU admits that Zhang was removed from teaching a course in the Spring 2022 semester. Otherwise, denied.

43. Denied.

## COUNT 3
### DISABILITY DISCRIMINATION

44. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that a white non-faculty member served as an advisor for the student chapter of the Institute of Transportation Engineers, and it additionally admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. Otherwise, denied, including all subparts "a" through "q" that are not otherwise specifically admitted herein.

45. Denied.

46. Denied.

8

## COUNT 4
### DISCRIMINATION UNDER TITLE VII AND 42 U.S.C. § 1981

47. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that a white non-faculty member served as an advisor for the student chapter of the Institute of Transportation Engineers, and it additionally admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. Otherwise, denied, including all subparts "a" through "q" that are not otherwise specifically admitted herein.

48. Denied.

49. Denied.

## COUNT 5
### RETALIATION

50. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that a white non-faculty member served as an advisor for the student chapter of the Institute of Transportation Engineers, and it additionally admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. Otherwise, denied, including all subparts "a" through "q" that are not otherwise specifically admitted herein.

51. Denied.

52. Denied.

## COUNT 6
### VIOLATION OF FAIR LABOR STANDARDS ACT

53.    MSU admits that, as an employee exempt from the overtime and minimum wage provisions of the Fair Labor Standards Act, Zhang has worked without receiving overtime pay.  MSU is without knowledge or information sufficient to form a belief as to the number of hours Zhang has worked.  Otherwise, denied.

54.    Denied.

55.    Denied.

## COUNT 7
### BAD FAITH BREACH OF EMPLOYMENT AGREEMENT

56.    MSU states that any duly executed contracts, institutional rules and regulations, letters of appointment, faculty handbooks, and policies of MSU or IHL will speak for themselves.  MSU specifically denies that it has failed to satisfy any obligations it may owe to Zhang.  MSU further denies the allegations of paragraph 56 to the extent it seeks to impose additional requirements beyond those imposed by applicable laws or contractual agreements.  Otherwise, denied.

57.    Denied, including all subparts "a" through "s" thereto.

### DEMAND FOR RELIEF

MSU denies the allegations of the unnumbered paragraph under the section titled "Demand for Relief," including its subparts "i" through "xii," and MSU further specifically denies that Zhang's claims have any merit or that Zhang is entitled to any recovery whatsoever.

Furthermore, except to the extent specifically admitted herein, the allegations of the Complaint are denied.

## II.
## DEFENSES

Without admitting that the same are necessary, MSU asserts the following defenses to recovery:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Zhang cannot meet his burden of proving a prima facie case of discrimination.

3.      Zhang cannot meet his burden of proving a prima facie case of retaliation.

4.      Any and all actions taken by MSU with respect to Zhang were taken in good faith, based upon legitimate, non-discriminatory and non-retaliatory reasons, and taken in a fair and equitable manner so as to bar the claims of the Complaint.

5.      Zhang's claims are barred by sovereign immunity.

6.      Zhang's claims are barred, in whole or in part, by the statute of limitations.

7.      Zhang's claims are barred by the Eleventh Amendment to the Constitution of the United States of America.

8.      Zhang's claim for punitive damages is barred by applicable state and federal law.

9.      An award of punitive damages in this case is prohibited by the United States Constitution, including but not limited to the Fifth, Sixth, Eighth, and Fourteenth Amendments.

10.     Zhang is not entitled to an award of attorneys' fees.

11.     MSU and all other defendants acted in good faith at all times in its conduct toward Zhang and had a reasonable belief that its actions were lawful and proper.

11

12. Zhang's own actions were the proximate and superseding cause of any damages he may have sustained.

13. Zhang failed to mitigate his damages.

14. MSU reserves the right to amend and supplement its answer to the Complaint and assert any additional defenses, demands, and claims as may be deemed necessary as evidenced by discovery.

Now, having answered the Complaint and pled its defenses, MSU respectfully requests that this cause be dismissed, with all costs, including reasonable attorneys' fees, to be assessed against Zhang.

Dated: June 9, 2023

Respectfully Submitted,

MISSISSIPPI STATE UNIVERSITY

By: /s/ Ashlyn B. Matthews
Ashlyn B. Matthews
Miss. Bar No. 104424
amatthews@winfieldlawfirm.com
Charles E. Winfield
Miss. Bar No. 10588
cwinfield@winfieldlawfirm.com
THE WINFIELD LAW FIRM, P.A.
224 East Main Street
Post Office Box 80281
Starkville, Mississippi 39759
Telephone: (662) 323-3984
Facsimile: (662) 323-3920

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of

the Court using the ECF system, which sent notification of such filing to the following:

> Grafton E. Bragg
> BraggLaw, PLLC
> grafton@graftonbragglaw.com

Dated: June 9, 2023

/s/ Ashlyn B. Matthews
Ashlyn B. Matthews
