IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LI ZHANG                                                                        PLAINTIFF

v.                                                          CASE NO. 1:23-cv-71-GHD-DAS

MISSISSIPPI STATE UNIVERSITY, et al.                       DEFENDANTS

<u>AGREED PROTECTIVE ORDER</u>

Before the Court is the *ore tenus* motion of the parties for a protective order. In view of the parties' request, it is THEREFORE, ORDERED AND ADJUDGED that, subject to the applicable rules of civil procedure, rules of evidence and local rules of the Court, the following restrictions and limitations shall govern "Protected Materials," which are defined as documents, materials, and information that a party believes in good faith qualify for the protections of Federal Rule of Civil Procedure 26(c), including but not limited to confidential, customer, proprietary, trade secret information, or private health information.

(a)     Protected Materials shall be produced with the phrase "Confidential: Subject to Protective Order" affixed to them either in the file name, on each page of the material, or both. This order imposes no obligation on any party with respect to Protected Materials unless and until the materials are affixed with the phrase "Confidential: Subject to Protective Order."

(b)     Within 5 days of receiving documents or other materials from a

non-party in response to a subpoena, HIPAA authorization, or court order ("Third Party Materials"), a party must produce such Third Party Materials to all other parties. Any party may designate Third Party Materials as Protected Materials by (i) affixing the phrase "Confidential: Subject to Protective Order" either in the file name of such material, on each page of the material, or both; and (ii) re-producing the Third Party Materials to the other parties with the confidentiality designation. For 10 days after a party produces Third Party Materials to all other parties, the parties shall treat such Third Party Materials as Protected Materials, even if they have not been designated as such; provided, however, that the parties will cooperate in good faith to consider waiving confidentiality of documents prior to the expiration of that 10 day deadline in response to a request from the other party.

(c)     No party shall reproduce or duplicate Protected Materials, except as may be necessary for the purpose of this litigation or for Protected Materials to become an exhibit under paragraph (f) of this Order.

(d)     Protected Materials and their contents shall be treated as confidential and shall not be disclosed, divulged, revealed, described, transmitted or otherwise communicated by the parties or their attorney to anyone not directly involved in the handling of this case. Any persons, including experts, who receive the documents are bound by the terms and conditions of this Order. The parties and their attorneys shall take reasonable

2

steps to ensure that any expert, or employee or agent of such expert, who reviews Protected Materials will agree to comply with the confidentiality requirements of this Order and will agree not to disclose or disseminate any such protected information.

(e)     The parties shall make no use of Protected Materials or the information in them except for the purpose of litigating this action. Not later than thirty (30) days following the termination of litigation between the parties (including any appeals that may be pursued by either party), whether in this federal action or in the state court action between these same parties, the parties shall, upon request by the designating party, either destroy or return to the producing party the copies of Protected Materials.

(f)     Should any Protected Material become an exhibit at any stage of this litigation, the party seeking to file the exhibit shall file a motion requesting that the document be filed under seal or, alternatively, as restricted to Court users and case participants. If the Court denies the party's motion to have the documents restricted, the party seeking to file the exhibit may publicly file the document containing confidential information unless otherwise ordered by the Court.

(g)     Inadvertent Failure to Properly Designate Protected Material: Inadvertent production of Protected Material without the designation "Confidential: Subject to Protective Order" will not be deemed to waive the

3

right for the producing party to claim to its confidential nature; nor will such inadvertent production estop a party from designating said document or information as "Confidential: Subject to Protective Order" at a later date.

(h)     This Order shall not in any way constitute a waiver of any party's right to raise or assert any objections which may be raised or asserted in regard to Protected Materials, including, but not limited to, defenses or objections with respect to the use, relevance, or admissibility of the documents or their contents.

(i)     Nothing in this order precludes any party from asserting that materials designated as Protective Materials are not covered by the terms of this order or Federal Rule of Civil Procedure 26(c) and, thus, should not be protected by this order. The objecting party shall nevertheless treat the document as "Confidential Information" unless and until the objecting party either (i) obtains the producing party's written permission to do otherwise or (ii) obtains an order from the Court finding that the document or testimony is not "Confidential Information" pursuant to a motion made by the requesting or receiving party.

(j)     Protected Materials do not lose their protection if used in depositions, discovery responses, or other litigation proceedings of this case, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use and regarding any

4

subsequent transcription of the proceeding.

(k)     The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

(l)     Nothing in this order precludes any party from seeking and obtaining, on an appropriate showing, modification of this order.

(m)     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

SO ORDERED, this the 29th day of December, 2025.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**

AGREED IN SUBSTANCE AND FORM:

BY:   *Grafton E. Bragg*
GRAFTON E. BRAGG (MSB # 104821)
BraggLaw, PLLC
1060 East County Line Road
Suite 3A-120
Ridgeland, MS 39157
601.624.1153
grafton@graftonbragglaw.com

*Attorney for Plaintiff*

*/s/ Charles E. Winfield*

5

Ashlyn B. Matthews (MSB # 104424)
amatthews@winfieldlawfirm.com
Charles E. Winfield (MSB # 10588)
cwinfield@winfieldlawfirm.com
The Winfield Law Firm, P.A.
224 East Main Street
PO Box 80281
Starkville, Mississippi 39759
Telephone: (662) 323-3984
Facsimile: (662) 323-3920

*Attorneys for Defendants*