IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LI ZHANG                                                                    PLAINTIFF

v.                                                    CAUSE NO. 1:23CV71-GHD-DAS

MISSISSIPPI STATE UNIVERSITY,
MISSISSIPPI BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER LEARNING,
MARK KEENUM, in his official capacity, and
ALFRED RANKINS, JR., in his official capacity                 DEFENDANTS

DEFENDANT MISSISSIPPI STATE UNIVERSITY'S ANSWER AND DEFENSES
TO PLAINTIFF DR. LI ZHANG'S SECOND AMENDED COMPLAINT

Subject to and without waiving its Motion to for Partial Dismissal, defendant

Mississippi State University ("MSU") files its Answer and Defenses to the Second Amended

Complaint [dkt. #92] filed by Dr. Li Zhang ("Zhang") as follows:

I.
ANSWER

MSU answers the Second Amended Complaint, paragraph by paragraph, as follows:

PARTIES

1.      MSU admits that Zhang is employed as a Professor within its Richard A. Rula

School of Civil and Environmental Engineering ("CEE" or the "CEE School"), which is a

program of study within MSU's James Worth Bagley College of Engineering (the "College

of Engineering"), and it further admits that Zhang is tenured.  Otherwise, denied.

2.      MSU admits that it is a public institution of higher learning, that its primary

campus is located in Starkville, Mississippi, and that it has been served with process in this

matter.

1

3.      MSU admits that the Mississippi Institutions of Higher Learning system is under the governance of its Board of Trustees, which is the constitutional governing body responsible for policy and financial oversight of the public institutions of higher learning in Mississippi, including MSU.  MSU further admits that the Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL") has been served with process in this matter.

4.      MSU admits that Dr. Mark Keenum ("Keenum") is MSU's president and admits that one or more of the defendants would have authority to reinstate Zhang following any termination, if compelled by the Court to do so.

5.      MSU admits that Dr. Alfred Rankins, Jr. ("Rankins") is the Commissioner of IHL and admits that one or more of the defendants would have authority to reinstate Zhang following any termination, if compelled by the Court to do so.

### JURISDICTION AND VENUE

6.      MSU denies that this Court has jurisdiction over any claims for which there is sovereign immunity, and it denies that this Court has jurisdiction over claims that are not yet ripe for adjudication, but it admits that, for claims that are ripe and are not barred by sovereign immunity, this Court has federal question jurisdiction.

7.      MSU admits that this district is the proper venue for the claims alleged in this action.  Otherwise, denied.

### BACKGROUND AND FACTS

8.      MSU admits that Zhang is a Chinese American professor who is tenured by the CEE School at MSU, but it denies that he only held this position "until recently."  As of the date and time of this filing, Zhang is still employed by MSU as a tenured professor

within the CEE School; however, MSU anticipates that employment will terminate on February 28, 2026.  Otherwise, denied.

9.      MSU admits that Zhang has worked for MSU in various faculty positions within its CEE School since 2005, that he has held tenure status since 2011, and that Zhang works with an emphasis in transportation engineering.  MSU further admits that Zhang is originally from China.  MSU denies the remaining averments of paragraph 9.

10.      MSU is without knowledge or information sufficient to form a belief as to Zhang's personal concerns or impressions.  Otherwise, denied.

11.      MSU states that any documented passing rates of students will speak for themselves.  Otherwise, at this time, MSU is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12.      MSU is without knowledge or information sufficient to form a belief as to Zhang's personal feelings.  MSU further states that any documented highway fatality rates will speak for themselves.  Otherwise, denied.

13.      MSU admits that Zhang has made contributions to the body of research within the field of civil engineering.  Otherwise, denied.

14.      MSU admits that Zhang has represented to MSU that his son is autistic and that Zhang moved to and now lives in Brandon, Mississippi, which is an approximately two-hour drive from Starkville, Mississippi.  MSU is without knowledge or information sufficient to form a belief as to the specifics of Zhang's son's diagnosis or disorder, the

3

location of his daycare and healthcare professionals, or the extent of Zhang's caretaking responsibilities. Otherwise, denied.[2] [3]

15. MSU admits that Zhang has reported certain physical ailments and has requested leave in connection with undergoing surgical procedures. MSU, however, is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 concerning the severity of Zhang's physical ailments. MSU further states that the ADA speaks for itself, and it denies the allegations of paragraph 15 to the extent Zhang seeks to establish qualifications not otherwise found in the ADA or seeks to impose additional or unnecessary requirements on any defendant. Otherwise, denied.

16. MSU admits that Dr. Dennis Truax retired from his employment with MSU in the summer of 2021, and is currently a Professor Emeritus. MSU further admits that, prior to his retirement, Dr. Truax served as the CEE department head and director, and he served as director of the Mississippi Transportation Research Center (the "MTRC"). MSU further admits that the MTRC, among other things, engages in research efforts in support of the needs of the Mississippi Department of Transportation ("MDOT"). Otherwise, denied.

17. Denied.

18. MSU admits that Dr. Isaac Howard, who was named the CEE Director following Dr. Truax's departure, and Dr. Jason Keith, who is the Dean of the College of Engineering, participated in a meeting with Zhang. MSU further admits that, because the

---

[2] MSU is without knowledge or information sufficient to form a belief as to the truth of the averments of the footnote no. 2 referenced within paragraph 14 of Zhang's Second Amended Complaint.

[3] With respect to footnote no. 3 referenced within paragraph 14 of Zhang's Second Amended Complaint, MSU admits that Zhang applied for MSU's daycare program, and his child or children were placed on waitlists. Otherwise, denied

retirement of Dr. Truax resulted in a shortage of faculty, teaching assignments were readjusted to accommodate CEE School needs such that Zhang and other faculty were asked to teach classes that were not included in their initial plans for the semester. Otherwise, denied.

19. MSU admits that an assistant clinical professor, who is white, was asked to teach a class that was previously taught by Dr. Truax. MSU further admits that, at the time the request was made, the course Zhang was asked to teach was understood to have an enrollment of 79 students, but it denies that there were 79 students enrolled throughout the duration of the semester. MSU states that it is currently without knowledge or information sufficient to form a belief as to the truth of the averments regarding the number of students registered for the course the assistant clinical professor was asked to teach, but it believes it had an enrollment of 41 students at the time the request was made. MSU further admits that there was a discussion concerning Zhang's willingness to teach the class he was asked to teach, that he suggested Case Fulcher teach the class, and that Zhang was ultimately required to teach the class. Otherwise, denied.

20. MSU admits that Zhang requested that his courses be rescheduled to meet two days a week, and it further admits that the class schedule could not be changed. MSU denies that the course at issue was ever scheduled to meet every day of the week; rather, one of Zhang's courses was scheduled to meet Tuesdays and Thursdays while the other was scheduled to meet Mondays, Wednesdays, and Fridays. MSU is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 regarding Zhang's personal schedule and obligations. Otherwise, denied.

21. MSU admits that Zhang has submitted requests for leave in connection with caring for his son as well as his own physical ailments, and it states that Zhang has been asked to follow and adhere to the typical expectations and policies that apply to similarly situated faculty. Otherwise, denied.

22. MSU admits that Zhang had made his superiors aware of certain physical ailments by December 2021. MSU, however, is without knowledge or information sufficient to form a belief as to the severity of Zhang's physical ailments or how long he had experienced them. Otherwise, denied.

23. MSU admits that Zhang scheduled a surgery for December 1, 2021, and that Zhang informed his superiors of the said surgery. MSU further admits that Zhang submitted a leave request, which was ultimately granted, but denies that it was submitted correctly or in compliance with applicable policies. MSU is without knowledge or information sufficient to form a belief as to the recommendations from Zhang's physician, the physician's schedule, the date that Zhang learned of the opening for surgery, or the timeline of Zhang's decision-making. Otherwise, denied.

24. MSU admits that Zhang's leave request was approved on January 27, 2022, but it denies that it "effectively denied" Zhang's leave request. MSU further admits that Zhang submitted a request for travel reimbursement, which was denied by MSU. MSU further admits that it cited Zhang's pending leave request, which noted January 17, 2022 as the date he could return to work, as a reason for denying the travel reimbursement. MSU is without knowledge or information sufficient to form a belief as to the timeline of Zhang's recovery or when he was cleared to return to work. Otherwise, denied.

25. MSU is without knowledge or information sufficient to form a belief as to whether Zhang "did his best" to complete exams and grades for his students. MSU admits that Zhang gave his superiors a copy of the exam, graded exams, and participated in the process of securing a proctor to administer the exams. Otherwise, denied.

26. MSU admits that, for certain students, Zhang did not finalize exam grades by the deadline to do so and communicated this fact, as well as his plan for creating grades for the said students, to the affected students. Otherwise, denied.

27. MSU admits that Zhang's superiors created a contingency plan to assign grades to students if Zhang was unable to do so in the necessary amount of time. Otherwise, denied.

28. MSU admits that students complained, and it further admits that grades were changed. Otherwise, denied.

29. Denied.

30. MSU admits that, on December 18, 2021, Zhang e-mailed his students about changes to their grades, among other things. MSU further admits that Zhang included his superiors on the list of recipients of the said e-mail. Otherwise, denied.

31. MSU admits that, in response to Zhang's December 18, 2021 e-mail to his students, MSU's Provost and Executive Vice President, Dr. David Shaw, e-mailed Zhang, with Dr. Isaac Howard, Dr. Kari Reeves, Leslie Corey, and Jessica Northcutt copied on the correspondence. MSU further admits that, in addition to requesting a meeting with Zhang, Dr. Shaw's e-mail included an instruction that, "[i]n the meantime," Zhang not send any further e-mail correspondence to his students. Otherwise, denied.

32.     MSU admits that Zhang's attorney e-mailed MSU's General Counsel in February 2022, which e-mail referenced claimed issues in connection with the FMLA, Title VII, ADA, and ADEA, and it further admits that Zhang filed a Charge of Discrimination with the EEOC on March 1, 2022, which charge alleged discrimination based upon his race. Otherwise, denied.

33.     MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester.  MSU further admits that it heard complaints regarding Zhang from his students.  MSU further admits that a white non-faculty member served as an advisor for the student chapter of the Institute of Transportation Engineers, and it additionally admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical.  MSU further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester and that, in February 2024, Zhang received notice of intent to terminate his employment and was placed on paid administrative leave and was relieved of all work duties, including teaching, research, and service responsibilities.  MSU further admits that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to terminate Zhang's employment.  Otherwise, denied.

34.     MSU admits that Dr. Isaac Howard was hired as the director of the CEE School.  Otherwise, denied.

35.     MSU admits that Zhang filed additional and amended charges with the EEOC.  Otherwise, denied.

36. MSU admits that Zhang received right to sue letters from the EEOC, one of which was dated March 2, 2023. Otherwise, denied.

37. MSU admits that Zhang filed additional EEOC Charges after suit was filed. Otherwise, denied.

38. MSU admits that Zhang received right to sue letters from the EEOC dated November 15, 2024, and November 17, 2025. Otherwise, denied.

39. MSU admits that Zhang sets out claims for relief, but it denies that those claims have any merit, or that each claim is properly asserted.

## COUNT 1
### DEPRIVATION OF FMLA LEAVE (FAMILY-CARE PROVISIONS)

40. Denied.

41. Denied.

42. Denied.

## COUNT 2
### DISABILITY DISCRIMINATION (REHABILITATION ACT)

43. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. MSU further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester. MSU further admits that Zhang was provided with a notice of intent to terminate his employment, that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to terminate

9

Zhang's employment. Otherwise, denied, including all subparts "a" through "gg" that are not otherwise specifically admitted herein.

44. Denied.

45. Denied.

## COUNT 3
### DISCRIMINATION UNDER TITLE VII

46. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. MSU further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester. MSU further admits that Zhang was provided with a notice of intent to terminate his employment, that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to terminate Zhang's employment. Otherwise, denied, including all subparts "a" through "gg" that are not otherwise specifically admitted herein.

47. Denied.

48. Denied.

## COUNT 4
### RETALIATION

49. MSU admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester. MSU further admits that it heard complaints regarding Zhang from his students. MSU further admits that there was

10

some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. MSU further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester. MSU further admits that Zhang was provided with a notice of intent to terminate his employment, that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to terminate Zhang's employment. Otherwise, denied, including all subparts "a" through "gg" that are not otherwise specifically admitted herein.

50. Denied.

51. Denied.

### COUNT 5
### REINSTATEMENT CLAIMS AGAINST
### DR. KEENUM AND DR. RANKINS UNDER *EX PARTE YOUNG*

52. Denied, including all subparts "a" through "e."

53. Denied.

54. MSU admits that Zhang purports to seek reinstatement, but it denies that his request has any merit or that it is properly asserted.

### DEMAND FOR RELIEF

MSU denies the allegations of the unnumbered paragraph under the section titled "Demand for Relief," including its subparts "i" through "xi," and MSU further specifically denies that Zhang's claims have any merit or that Zhang is entitled to any recovery or relief whatsoever.

Furthermore, except to the extent specifically admitted herein, the allegations of the Second Amended Complaint are denied.

## II.
## DEFENSES

Without admitting that the same are necessary, MSU asserts the following defenses to recovery:

1.      The Second Amended Complaint fails to state a claim upon which relief may be granted.

2.      Zhang cannot meet his burden of proving a prima facie case of discrimination.

3.      Zhang cannot meet his burden of proving a prima facie case of retaliation.

4.      Any and all actions taken by MSU with respect to Zhang were taken in good faith, based upon legitimate, non-discriminatory and non-retaliatory reasons, and taken in a fair and equitable manner so as to bar the claims of the Second Amended Complaint.

5.      Zhang's claims are barred by sovereign immunity.

6.      Zhang's claims are barred, in whole or in part, by the statute of limitations.

7.      Zhang's claims are barred by the Eleventh Amendment to the Constitution of the United States of America.

8.      Zhang has failed to exhaust administrative remedies for one or more of his claims

9.      Zhang is not entitled to an award of attorneys' fees.

10.      MSU and all other defendants acted in good faith at all times in its conduct toward Zhang and had a reasonable belief that its actions were lawful and proper.

11.      Zhang's own actions were the proximate and superseding cause of any damages he may have sustained.

12

12.     Zhang failed to mitigate his damages.

13.     MSU reserves the right to amend and supplement its answer to the Second Amended Complaint and assert any additional defenses, demands, and claims as may be deemed necessary as evidenced by discovery.

Now, having answered the Second Amended Complaint and pled its defenses, MSU respectfully requests that this cause be dismissed, with all costs, including reasonable attorneys' fees, to be assessed against Zhang.

Dated:  December 30, 2025

Respectfully Submitted,

MISSISSIPPI STATE UNIVERSITY

By:    /s/  Ashlyn B. Matthews
       Ashlyn B. Matthews
       Miss. Bar No. 104424
       amatthews@winfieldlawfirm.com
       Charles E. Winfield
       Miss. Bar No. 10588
       cwinfield@winfieldlawfirm.com
       THE WINFIELD LAW FIRM, P.A.
       224 East Main Street
       Post Office Box 80281
       Starkville, Mississippi 39759
       Telephone:  (662) 323-3984
       Facsimile:  (662) 323-3920

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of

the Court using the ECF system, which sent notification of such filing to the following:

Grafton E. Bragg
BraggLaw, PLLC
grafton@graftonbragglaw.com

Dated:  December 30, 2025

/s/   Ashlyn B. Matthews
Ashlyn B. Matthews