**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**LI ZHANG**                                                                                      **PLAINTIFF**

**v.**                                                                     **CAUSE NO. 1:23CV71-GHD-DAS**

**MISSISSIPPI STATE UNIVERSITY,**
**MISSISSIPPI BOARD OF TRUSTEES OF**
**STATE INSTITUTIONS OF HIGHER LEARNING,**
**MARK KEENUM, in his official capacity, and**
**ALFRED RANKINS, JR., in his official capacity**                            **DEFENDANTS**

**DEFENDANT MISSISSIPPI BOARD OF TRUSTEES OF STATE**
**INSTITUTIONS OF HIGHER LEARNING'S ANSWER AND DEFENSES**
**TO PLAINTIFF DR. LI ZHANG'S SECOND AMENDED COMPLAINT**

Subject to and without waiving its Motion for Partial Dismissal, defendant

Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL") files its

Answer and Defenses to the Second Amended Complaint [dkt. #92] filed by Dr. Li Zhang

("Zhang") as follows:

**I.**
**ANSWER**

IHL answers the Second Amended Complaint, paragraph by paragraph, as follows:

**PARTIES**

1.        IHL admits that Zhang is employed as a Professor within Mississippi State

University's ("MSU") Richard A. Rula School of Civil and Environmental Engineering

("CEE" or the "CEE School"), which is a program of study within MSU's James Worth

Bagley College of Engineering (the "College of Engineering"), and it further admits that

Zhang is tenured.  Otherwise, denied.

1

2.     IHL admits that MSU is a public institution of higher learning, that its primary campus is located in Starkville, Mississippi, and that it has been served with process in this matter.

3.     IHL admits that it is the constitutional governing body responsible for policy and financial oversight of the public institutions of higher learning in Mississippi, including MSU.  IHL further admits that it has been served with process in this matter.

4.     IHL admits that Dr. Mark Keenum ("Keenum") is MSU's president and admits that one or more of the defendants would have authority to reinstate Zhang following any termination, if compelled by the Court to do so.

5.     IHL admits that Dr. Alfred Rankins, Jr. ("Rankins") is the Commissioner of IHL and admits that one or more of the defendants would have authority to reinstate Zhang following any termination, if compelled by the Court to do so.

### JURISDICTION AND VENUE

6.     IHL denies that this Court has jurisdiction over any claims for which there is sovereign immunity, and it denies that his Court has jurisdiction over claims that are not yet ripe for adjudication, but it admits that, for claims that are ripe and are not barred by sovereign immunity, this Court has federal question jurisdiction.

7.     IHL admits that this district is the proper venue for the claims alleged in this action.  Otherwise, denied.

### BACKGROUND AND FACTS

8.     IHL admits that Zhang is a Chinese American professor who is tenured by the CEE School at MSU, but it denies that he only held this position "until recently."  As of the date and time of this filing, Zhang is still employed by MSU as a tenured professor

2

within the CEE School; however, IHL anticipates that employment will terminate on February 28, 2026. Otherwise, denied.

9.      IHL admits that Zhang has worked for MSU in various faculty positions within its CEE School since 2005, that he has held tenure status since 2011, and that Zhang works with an emphasis in transportation engineering. IHL further admits that Zhang is originally from China. IHL denies the remaining averments of paragraph 9.

10.     IHL is without knowledge or information sufficient to form a belief as to Zhang's personal concerns or impressions. Otherwise, denied.

11.     IHL states that any documented passing rates of students will speak for themselves. Otherwise, at this time, IHL is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12.     IHL is without knowledge or information sufficient to form a belief as to Zhang's personal feelings. IHL further states that any documented highway fatality rates will speak for themselves. Otherwise, denied.

13.     IHL admits that Zhang has made contributions to the body of research within the field of civil engineering. Otherwise, denied.

14.     IHL admits that Zhang has represented to MSU that his son is autistic and that Zhang moved to and now lives in Brandon, Mississippi, which is an approximately two-hour drive from Starkville, Mississippi. IHL is without knowledge or information sufficient to form a belief as to the specifics of Zhang's son's diagnosis or disorder, the

3

location of his daycare and healthcare professionals, or the extent of Zhang's caretaking responsibilities. Otherwise, denied.[2] [3]

15. IHL admits that Zhang has reported certain physical ailments and has requested leave in connection with undergoing surgical procedures. IHL, however, is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 concerning the severity of Zhang's physical ailments. IHL further states that the ADA speaks for itself, and it denies the allegations of paragraph 15 to the extent Zhang seeks to establish qualifications not otherwise found in the ADA or seeks to impose additional or unnecessary requirements on any defendant. Otherwise, denied.

16. IHL admits that Dr. Dennis Truax retired from his employment with MSU in the summer of 2021, and is currently a Professor Emeritus. IHL further admits that, prior to his retirement, Dr. Truax served as the CEE department head and director, and he served as director of the Mississippi Transportation Research Center (the "MTRC"). IHL further admits that the MTRC, among other things, engages in research efforts in support of the needs of the Mississippi Department of Transportation ("MDOT"). Otherwise, denied.

17. Denied.

18. IHL admits that Dr. Isaac Howard, who was named the CEE Director following Dr. Truax's departure, and Dr. Jason Keith, who is the Dean of the College of Engineering, participated in a meeting with Zhang. IHL further admits that, because the

---

[2] IHL is without knowledge or information sufficient to form a belief as to the truth of the averments of the footnote no. 2 referenced within paragraph 14 of Zhang's Second Amended Complaint

[3] With respect to footnote no. 3 referenced within paragraph 14 of Zhang's Second Amended Complaint, IHL admits that Zhang applied for MSU's daycare program, and his child or children were placed on waitlists. Otherwise, denied.

4

retirement of Dr. Truax resulted in a shortage of faculty, teaching assignments were readjusted to accommodate CEE School needs such that Zhang and other faculty were asked to teach classes that were not included in their initial plans for the semester. Otherwise, denied.

19.     IHL admits that an assistant clinical professor, who is white, was asked to teach a class that was previously taught by Dr. Truax.  IHL further admits that, at the time the request was made, the course Zhang was asked to teach was understood to have an enrollment of 79 students, but it denies that there were 79 students enrolled throughout the duration of the semester.  IHL states that it is currently without knowledge or information sufficient to form a belief as to the truth of the averments regarding the number of students registered for the course the assistant clinical professor was asked to teach, but it believes it had an enrollment of 41 students at the time the request was made.  IHL further admits that there was a discussion concerning Zhang's willingness to teach the class he was asked to teach, that he suggested Case Fulcher teach the class, and that Zhang was ultimately required to teach the class.  Otherwise, denied.

20.     IHL admits that Zhang requested that his courses be rescheduled to meet two days a week, and it further admits that the class schedule could not be changed.  IHL denies that the course at issue was ever scheduled to meet every day of the week; rather, one of Zhang's courses was scheduled to meet Tuesdays and Thursdays while the other was scheduled to meet Mondays, Wednesdays, and Fridays.  IHL is currently without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 regarding Zhang's personal schedule and obligations.  Otherwise, denied.

21.     IHL admits that Zhang has submitted requests for leave in connection with caring for his son as well as his own physical ailments, and it states that Zhang has been asked to follow and adhere to the typical expectations and policies that apply to similarly situated faculty.  Otherwise, denied.

22.     IHL admits that Zhang had made his superiors aware of certain physical ailments by December 2021.  IHL, however, is without knowledge or information sufficient to form a belief as to the severity of Zhang's physical ailments or how long he had experienced them.  Otherwise, denied.

23.     IHL admits that Zhang scheduled a surgery for December 1, 2021, and that Zhang informed his superiors of the said surgery.  IHL further admits that Zhang submitted a leave request, which was ultimately granted, but denies that it was submitted correctly or in compliance with applicable policies.  IHL is without knowledge or information sufficient to form a belief as to the recommendations from Zhang's physician, the physician's schedule, the date that Zhang learned of the opening for surgery, or the timeline of Zhang's decision-making.  Otherwise, denied.

24.     IHL admits that Zhang's leave request was approved on January 27, 2022, but it denies that Zhang's leave request was "effectively denied."  IHL further admits that Zhang submitted a request for travel reimbursement, which was denied by MSU.  IHL further admits that MSU cited Zhang's pending leave request, which noted January 17, 2022 as the date he could return to work, as a reason for denying the travel reimbursement.  IHL is without knowledge or information sufficient to form a belief as to the timeline of Zhang's recovery or when he was cleared to return to work.  Otherwise, denied.

6

25.     IHL is without knowledge or information sufficient to form a belief as to whether Zhang "did his best" to complete exams and grades for his students.  IHL admits that Zhang gave his superiors a copy of the exam, graded exams, and participated in the process of securing a proctor to administer the exams.  Otherwise, denied.

26.     IHL admits that, for certain students, Zhang did not finalize exam grades by the deadline to do so and communicated this fact, as well as his plan for creating grades for the said students, to the affected students.  Otherwise, denied.

27.     IHL admits that Zhang's superiors created a contingency plan to assign grades to students if Zhang was unable to do so in the necessary amount of time.  Otherwise, denied.

28.     IHL admits that students complained, and it further admits that grades were changed.  Otherwise, denied.

29.     Denied.

30.     IHL admits that, on December 18, 2021, Zhang e-mailed his students about changes to their grades, among other things.  IHL further admits that Zhang included his superiors on the list of recipients of the said e-mail.  Otherwise, denied.

31.     IHL admits that, in response to Zhang's December 18, 2021 e-mail to his students, MSU's Provost and Executive Vice President, Dr. David Shaw, e-mailed Zhang, with Dr. Isaac Howard, Dr. Kari Reeves, Leslie Corey, and Jessica Northcutt copied on the correspondence.  IHL further admits that, in addition to requesting a meeting with Zhang, Dr. Shaw's e-mail included an instruction that, "[i]n the meantime," Zhang not send any further e-mail correspondence to his students.  Otherwise, denied.

32.     IHL admits that Zhang's attorney e-mailed MSU's General Counsel in February 2022, which e-mail referenced claimed issues in connection with the FMLA, Title VII, ADA, and ADEA, and it further admits that Zhang filed a Charge of Discrimination with the EEOC against MSU on March 1, 2022, which charge alleged discrimination based upon his race.  Otherwise, denied.

33.     IHL admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester.  IHL further admits that MSU heard complaints regarding Zhang from his students.  IHL further admits that a white non-faculty member served as an advisor for the student chapter of the Institute of Transportation Engineers, and it additionally admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical.  IHL further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester and that, in February 2024, Zhang received notice of intent to terminate his employment and was placed on paid administrative leave and was relieved of all work duties, including teaching, research, and service responsibilities.  IHL further admits that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to terminate Zhang's employment.  Otherwise, denied.

34.     IHL admits that Dr. Isaac Howard was hired as the director of the CEE School.  Otherwise, denied.

35.     IHL admits that Zhang filed additional and amended charges with the EEOC against MSU.  Otherwise, denied.

8

36.     IHL admits that Zhang received right to sue letters from the EEOC, one of which was dated March 2, 2023.  Otherwise, denied.

37.     IHL admits that Zhang filed additional EEOC Charges against MSU after suit was filed.  Otherwise, denied.

38.     IHL admits that Zhang received right to sue letters from the EEOC dated November 15, 2024, and November 17, 2025.  Otherwise, denied.

39.     IHL admits that Zhang sets out claims for relief, but it denies that those claims have any merit, or that each claim is properly asserted.

### COUNT 1
### DEPRIVATION OF FMLA LEAVE (FAMILY-CARE PROVISIONS)

40.     Denied.

41.     Denied.

42.     Denied.

### COUNT 2
### DISABILITY DISCRIMINATION (REHABILITATION ACT)

43.     IHL admits that Zhang was removed from an ASSURE research project and was removed from teaching a course in the Spring 2022 semester.  IHL further admits that MSU heard complaints regarding Zhang from his students.  IHL further admits that there was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical.  IHL further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester.  IHL further admits that Zhang was provided with a notice of intent to terminate his employment, that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to

9

terminate Zhang's employment.  Otherwise, denied, including all subparts "a" through

"gg" that are not otherwise specifically admitted herein.

44.    Denied.

45.    Denied.

### COUNT 3
### DISCRIMINATION UNDER TITLE VII

46.    IHL admits that Zhang was removed from an ASSURE research project and

was removed from teaching a course in the Spring 2022 semester.  IHL further admits that

MSU heard complaints regarding Zhang from his students.  IHL further admits that there

was some effort to prevent the admission of an excessive number of students by Zhang

during his sabbatical.  IHL further admits that Zhang was not assigned any courses to teach

for the Fall 2024 semester.  IHL further admits that Zhang was provided with a notice of

intent to terminate his employment, that, pursuant to applicable policy, Zhang was

afforded a hearing before a faculty panel regarding the proposed termination, that the

panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to

terminate Zhang's employment.  Otherwise, denied, including all subparts "a" through

"gg" that are not otherwise specifically admitted herein.

47.    Denied.

48.    Denied.

### COUNT 4
### RETALIATION

49.    IHL admits that Zhang was removed from an ASSURE research project and

was removed from teaching a course in the Spring 2022 semester.  IHL further admits that

MSU heard complaints regarding Zhang from his students.  IHL further admits that there

was some effort to prevent the admission of an excessive number of students by Zhang during his sabbatical. IHL further admits that Zhang was not assigned any courses to teach for the Fall 2024 semester. IHL further admits that Zhang was provided with a notice of intent to terminate his employment, that, pursuant to applicable policy, Zhang was afforded a hearing before a faculty panel regarding the proposed termination, that the panel found cause to terminate Zhang's employment, and that IHL affirmed the decision to terminate Zhang's employment. Otherwise, denied, including all subparts "a" through "gg" that are not otherwise specifically admitted herein.

50.     Denied.

51.     Denied.

## COUNT 5
### REINSTATEMENT CLAIMS AGAINST
### DR. KEENUM AND DR. RANKINS UNDER *EX PARTE YOUNG*

52.     Denied, including all subparts "a" through "e."

53.     Denied.

54.     IHL admits that Zhang purports to seek reinstatement, but it denies that his request has any merit or that it is properly asserted.

### DEMAND FOR RELIEF

IHL denies the allegations of the unnumbered paragraph under the section titled "Demand for Relief," including its subparts "i" through "xi," and IHL further specifically denies that Zhang's claims have any merit or that Zhang is entitled to any recovery or relief whatsoever.

Furthermore, except to the extent specifically admitted herein, the allegations of the Second Amended Complaint are denied.

11

## II.
## DEFENSES

Without admitting that the same are necessary, IHL asserts the following defenses to recovery:

1. The Second Amended Complaint fails to state a claim upon which relief may be granted.

2. Zhang cannot meet his burden of proving a prima facie case of discrimination.

3. Zhang cannot meet his burden of proving a prima facie case of retaliation.

4. Any and all actions taken by IHL with respect to Zhang were taken in good faith, based upon legitimate, non-discriminatory and non-retaliatory reasons, and taken in a fair and equitable manner so as to bar the claims of the Second Amended Complaint.

5. Zhang's claims are barred by sovereign immunity.

6. Zhang's claims are barred, in whole or in part, by the statute of limitations.

7. Zhang's claims are barred by the Eleventh Amendment to the Constitution of the United States of America.

8. Zhang has failed to exhaust administrative remedies for one or more of his claims.

9. Zhang is not entitled to an award of attorneys' fees.

10. IHL and all other defendants acted in good faith at all times in its conduct toward Zhang and had a reasonable belief that its actions were lawful and proper.

11. Zhang's own actions were the proximate and superseding cause of any damages he may have sustained.

12.     Zhang failed to mitigate his damages.

13.     IHL reserves the right to amend and supplement its answer to the Second Amended Complaint and assert any additional defenses, demands, and claims as may be deemed necessary as evidenced by discovery.

Now, having answered the Second Amended Complaint and pled its defenses, IHL respectfully requests that this cause be dismissed, with all costs, including reasonable attorneys' fees, to be assessed against Zhang.

Dated:  December 30, 2025

Respectfully Submitted,

MISSISSIPPI BOARD OF TRUSTEES
OF STATE INSTITUTIONS
OF HIGHER LEARNING


By:    <u>/s/  Ashlyn B. Matthews</u>
Ashlyn B. Matthews
Miss. Bar No. 104424
amatthews@winfieldlawfirm.com
Charles E. Winfield
Miss. Bar No. 10588
cwinfield@winfieldlawfirm.com
THE WINFIELD LAW FIRM, P.A.
224 East Main Street
Post Office Box 80281
Starkville, Mississippi 39759
Telephone:  (662) 323-3984
Facsimile:  (662) 323-3920

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of

the Court using the ECF system, which sent notification of such filing to the following:

> Grafton E. Bragg
> BraggLaw, PLLC
> grafton@graftonbragglaw.com

Dated:  December 30, 2025

/s/  Ashlyn B. Matthews
Ashlyn B. Matthews