IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LI ZHANG PLAINTIFF

v. CASE NO. 1:23-cv-71-GHD-DAS

MISSISSIPPI STATE UNIVERSITY and
MISSISSIPPI BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER LEARNING DEFENDANTS

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Dr. Li. Zhang files this memorandum partially opposing the motion to dismiss [100] filed by the institutional defendants, Mississippi State University ("University") and the Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL").

## INTRODUCTION

Dr. Zhang brought this case against the University and IHL for unlawfully discriminating and retaliating against him in the terms of his employment. With the litigation pending, the University initiated an administrative termination process against Dr. Zhang that spanned more than 19 months and concluded in Dr. Zhang's termination.[1] Because of this, Dr. Zhang has filed two additional EEOC charges and two additional iterations of the complaint. Defendants have not objected to either amendment.

[1] By Court order in the related state-court action, Dr. Zhang is still being paid and receiving benefits, but that is expected to end when the Court order expires at the end of February 2026.

Now, with discovery pressure at its greatest,[2] Defendants have made numerous arguments through a motion to dismiss. Most of these were unnecessary and could have been avoided had Defendants simply taken the complaint at its face or, at the least, sought clarification from counsel on what claims were being asserted. *See* (Counsel Email Exchange, ECF [108-1]). For example, Dr. Zhang does not assert claims directly against the University or IHL under the due process clause, ADA, ADEA, or the FMLA's self-care provisions, so much of defendants' motion is moot. Likewise, Dr. Zhang did not intend to bring any Title VII claim against IHL, and he does not object to dismissal of the direct Title VII claim against IHL.

Stripping those issues away, the only contested point is whether Counts 2-4 of Dr. Zhang's operative complaint complies with Rule 8(a). For this, defendants do not assert that the complaint lacks factual matter or does not state a plausible claim. Rather, their heartburn seems to arise from *too much* factual matter in each count. But the complaint does not fail merely because Dr. Zhang has set out the numerous ways in which the defendants have discriminated against him. By listing the defendants' various wrongs under discreet legal theories arising under identified federal laws, the complaint has easily satisfied Rule 8(a)'s requirements. And if for some reason the Court

---

[2] The parties conducted 14 depositions in this case during January.

disagrees, it should grant Dr. Zhang leave to amend and not dismiss the complaint outright.

ARGUMENT

### *(1) Dr. Zhang did not bring claims on which the University and the IHL are immune under the Eleventh Amendment.*

The University and IHL fear that Dr. Zhang may be asserting claims directly against the IHL and University under the due process clause, ADA, ADEA, or FMLA's self-care provisions.

But Dr. Zhang does not make those claims. Rather, as the defendants' note, Dr. Zhang seeks reinstatement against the University's president and IHL's commissioner under the *Ex parte Young* exception to the Eleventh Amendment. (ECF [92], at 18 and 19). The *Ex parte Young* doctrine is a legal fiction that allows Dr. Zhang to sue individual officers in their official capacities to enjoin violations of ongoing federal law by those officials' institutions. Thus, while IHL and MSU may be violating the various cited federal laws, Dr. Keenum and Dr. Rankin are the proper defendants so long as they have "some connection" with the challenged act. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Within the Fifth Circuit, reinstatement is an appropriate way to remedy ongoing violations of federal law under the *Ex parte Young* exception. *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008). The individuals named, the University's president and the

IHL's commissioner, are the proper official-capacity defendants for Dr. Zhang's reinstatement claims, *see Thomas v. Univ. of Mississippi*, No. 3:18-CV-00062-GHD-RP, 2018 WL 6613807, at *4 (N.D. Miss. Dec. 17, 2018), and the defendants do not contend otherwise. Because Dr. Zhang has not brought due process, ADA, ADEA, or FMLA self-care claims directly against the institutional defendants, the Court need not dismiss them.

***(2) Dr. Zhang consents to the dismissal of his Title VII claim against the IHL.***

Dr. Zhang agrees that, for purposes of Title VII only, the IHL is not considered his employer—the University is. In this regard, Dr. Zhang's Title VII allegation against the IHL in paragraph 51 was not intentional. Dr. Zhang has no objection to dismissal of any direct Title VII claims against the IHL only.

***(3) Counts 2-4 state claims for relief against the University and IHL.***

Through the operative complaint, Dr. Zhang has done his best to lay out the legal foundation for his claims and identify the specific factual allegations on which they are based. Far from leaving defendants to guess, Dr. Zhang has listed 33 different instances that, in his judgment, show the defendants discriminated or retaliated against him. (ECF [92], at [11-18]). These allegations, accepted as true at the pleading phase, easily satisfy the familiar plausibility standard for federal pleadings set out in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants do not argue otherwise.

Instead, their Rule 12(b)(6) argument seems to be that each count contains *too much* factual content. They label this as an objection to "shotgun pleadings," citing Judge Aycock's opinion in *Scharklet v. Case Healthcare Solutions, Inc.*, 2023 WL 8259255, at *7 (N.D. Miss. Nov. 29, 2023). But there, Judge Aycock identified two different pleading sins that are not remotely present. In *Scharklet*, the "biggest obstacle" was the plaintiff's "failure to specifically name any cause of action in the first place." *Id.* Here on the other hand, Dr. Zhang clearly spells out the federal-law bases for each of his claims in Count 2-4.

Judge Aycock also noted the more familiar form of shotgun pleadings that "usually occurs where a complaint *does* name a particular cause of action but then incorporates all preceding facts by reference, making it impossible to determine which of those facts support the named cause of action." *Id.* at *8. The Court is well-aware of this practice, and its docket is likely full of complaints that do this. Notably, Dr. Zhang's complaint does not incorporate facts by reference and, instead, sets out the full factual basis for each theory of liability.

While the facts listed in counts 2-4 may be the same, that is the nature of Dr. Zhang's allegations, workplace discrimination law, and federal pleading

practice. Dr. Zhang contends that the University and IHL have discriminated against him in various ways, and that each of those ways were infected by improper motives. An employer can violate more than one anti-discrimination law with the same adverse action, even if those laws use a "but-for" standard. *Bostock v. Clayton Cnty., Georgia,* 590 U.S. 644, 656 (2020). Yet if that were not the rule, Dr. Zhang could still bring alternative or inconsistent theories under federal pleading standards. FED. R. CIV. P. 8(d)(2), (3).

In short, by setting out the facts for each of his clearly enumerated legal theories, Dr. Zhang's operative complaint more than satisfies Rule 8(a)'s lenient standard.

***(4) The Court should not dismiss Dr. Zhang's claims with prejudice.***

Even if the Court believed that Dr. Zhang's allegations in counts 2-4 were deficient in some way, it would be unfair to dismiss those claims with prejudice. Motions "to dismiss are disfavored and rarely granted." *Scharklet*, 2023 WL 8259255, at *10 (citations omitted). The Court should not outright dismiss if it "appears that" Dr. Zhang "could state a plausible claim but has not pled his best case." *Id.* (citing *Valdez v. City of San Antonio*, 2022 WL 1608016, at *13 (W.D. Tex. May 20, 2022); (*Williams v. 1960 Fam. Prac.*, 2020 WL 4227592, at *3 (S.D. Tex. June 29, 2020)).

Arguing for outright dismissal, defendants say that, "on the third version" of Dr. Zhang's complaint, he "still has not refined his claims . . . ." (ECF [101], at 18). But the complaint has been twice amended, not to resolve pleading deficiencies, but to address factual developments and EEOC charges that happened post-filing. (ECF [49]); (ECF [92]). And despite the complaints all sharing a similar style, the motion is the first time that defendants have made any argument about shotgun pleading. *See* (ECF [10]); (ECF [53]). Dr. Zhang's complaint complies with Rule 8(a) and adequately states claims for relief. But if the Court disagrees, it should at least allow Dr. Zhang the opportunity to amend.

Dated: January 26, 2026.

LI ZHANG

*/s/ Grafton E. Bragg*
GRAFTON E. BRAGG

GRAFTON E. BRAGG (MSB # 104821)
BraggLaw, PLLC
965 Madison Avenue
Suite 2C
Madison, MS 39110
601.624.1153