# EXHIBIT 10

IN THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

LI ZHANG                                             PLAINTIFF

v.                                             25CI1:23-cv-441-AHW

MISSISSIPPI STATE UNIVERSITY, and
MISSISSIPPI BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING                DEFENDANTS

## DR. LI ZHANG'S RESPONSES TO FIRST SET OF INTERROGATORIES BY MISSISSIPPI STATE UNIVERSITY

Dr. Li Zhang objects and responds to the interrogatories propounded by Mississippi State University ("the University") under Mississippi Rule of Civil Procedure 33. Dr. Zhang objects insofar as the University's interrogatories exceed the obligations impose by Rule 33.

INTERROGATORY NO. 1: Identify each person whom you will call or may call as a witness at trial (including expert witnesses), and provide a telephone number, email address, and physical address for each, as well as a description of their anticipated testimony.

RESPONSE: Dr. Zhang objects to providing anticipated testimony for witnesses other than experts, as the disclosure of lay witness testimony is not required by the Mississippi Rules of Civil Procedure. Without waiver, Dr. Zhang identifies the below witnesses. Dr. Zhang will cooperate with the University to search for and provide any more specific relevant contact details upon further informal request.

RESPONSE: Objection to this request as overbroad and disproportionate to case needs, especially the request for "all facts supporting your contention." This interrogatory improperly asks for Dr. Zhang to put on a dress rehearsal of trial, which is not required. Without waiver, the principal facts supporting this contention were set forth in Dr. Zhang's response to the University's supplemental notice of intent, his appeal to the IHL, his presentation at the administrative hearing, in the depositions that have been taken in this matter, and in the documents or other materials that have been produced. Those things are fully incorporated here.

INTERROGATORY NO. 25: Identify every instance in which you contend you were denied the ability to take medical leave or family leave, and for each instance state the exact date you requested leave, the exact date you contend you were denied or the leave was delayed, the specific harm you suffered as a result of the denial or delay (as opposed to the underlying medical condition itself), and all facts supporting your contention that the denial or delay caused that harm.

RESPONSE: Objection to this interrogatory as overbroad and disproportionate to case needs, specifically the phrases requesting "exact" dates and "specific harm" and "all facts." Dr. Zhang will present positive proof of his claims at trial, and he is not required to put on a full dress rehearsal

24

here. Without waiver, Dr. Zhang identifies the following times when he was denied leave:

(1) When Dr. Zhang was required to take leave for C█████████ medical appointments (including a dental appointment) in 2021, Dr. Howard would not arrange for Dr. Zhang's classes to be covered, and Dr. Zhang was required to make up the classes. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

(2) Isaac Howard delayed in approving Dr. Zhang's request for leave in September 2021, when C█████████ had been exposed to COVID-19 and required to quarantine. Dr. Howard's delays effectively forced Dr. Zhang to teach the class. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

(3) The University intentionally denied Dr. Zhang's request for major medical leave in December 2022. After Dr. Zhang was medically cleared, his leave was approved. Isaac Howard testified that no-one ever wanted to deny medical leave to Dr. Zhang. Jason Keith emailed that he wanted to "deny" or "defer" the leave request. *See* exhibits and testimony introduced at the administrative hearing.

(4) Dr. Zhang requested approval for leave in August 2021. Dr. Howard delayed responding to the request (forcing Dr. Zhang to reschedule the surgery) and then, after finally approving the leave, denied Dr. Zhang's request for a substitute teacher. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

(5) After the death of Dr. Zhang's mother, Leslie Corey claimed that Dr. Zhang did not qualify for any leave for his travel to China, notwithstanding HRM 60-201. Ms. Corey directed Dr. Zhang to complete a flex arrangement form, which would require Dr. Zhang to work during his time away. Dr. Keith and Dr. Howard eventually directed Dr. Zhang to submit an unpaid leave request, and they approved only unpaid leave. Under HRM 60-201, Dr. Zhang was entitled to at least 3 days to be paid major medical leave for the death of his immediate family member. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

25

(6) Isaac Howard and Julia Morrison delayed in approving Dr. Zhang's request for leave to care for C███████ in October 2023. Because the leave was so delayed, Dr. Zhang drove to Starkville with C███████ and brought him to the office. The leave was only approved after Dr. Zhang brought C███████ to Starkville and his office, effectively denying a portion of that leave. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

(7) Julia Morrison asked Dr. Zhang to withdraw his caregiver leave request for January 2 through January 5, 2024 because classes are not in session so no leave would be granted. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

(8) Dr. Howard denied Dr. Zhang's medical leave request for March 11, 2024 through March 15, 2024 because students were not in class for Spring Break. *See* Documents Pertaining to Leave, LI 1584 – LI 1634.

INTERROGATORY NO. 26: Describe in detail each student complaint about your teaching, grading, communication, or conduct that you contend was fabricated, exaggerated, or solicited by MSU, and for each identify the complaining student, the date of the complaint, what you contend is false about it, all evidence supporting your contention that it was fabricated or solicited, and whether you have communicated with that student about the complaint or this lawsuit.

RESPONSE: The method, manner, and timing in which student complaints were solicited by Jason Keith and Isaac Howard was improper, was likely to lead to, and did lead to a tranche of student complaints. For anonymous

Respectfully submitted,

DR. LI ZHANG

As to Objections and Legal Positions:

/s/ *Grafton E. Bragg*
BraggLaw, PLLC
965 Madison Avenue
Suite 2C
Madison, MS 39110
601.624.1153
grafton@graftonbragglaw.com

STATE OF Mississippi

COUNTY OF Hinds

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named Li Zhang, who, after being first duly sworn by me, stated that the matters and things set forth in the foregoing Interrogatory Responses are true and correct as stated.

SWORN TO AND SUBSCRIBED BEFORE ME, this the __21__ day of January 2026.

_____
NOTARY PUBLIC

My Commission Expires:

August 2, 2026.

31

## CERTIFICATE OF SERVICE

I, Grafton E. Bragg, hereby certify that I have served the foregoing document via electronic means to all counsel of record.

Dated: January 21, 2026

_/s/ Grafton E. Bragg_

GRAFTON E. BRAGG