IN THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

LI ZHANG                                                                        PLAINTIFF

v.                                                                  25CI1:23-cv-441-AHW

MISSISSIPPI STATE UNIVERSITY, and
MISSISSIPPI BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING                                   DEFENDANTS

## DEFENDANT MISSISSIPPI STATE UNIVERSITY'S AMENDED AND SUPPLEMENTAL ANSWERS TO PLAINTIFF LI ZHANG'S SECOND SET OF INTERROGATORIES

Defendant Mississippi State University ("MSU") serves its Amended and Supplemental Answers to Plaintiff Li Zhang's ("Zhang") Second Set of Interrogatories as follows:

**INTERROGATORY NO. 3:** Identify each person whom you will call or may call as a witness at trial, and provide a telephone number, email address, and physical address for each.

**ANSWER NO. 3:** MSU has not yet made any final determinations with respect to persons it will or may call as witnesses at the trial of this matter. MSU reserves the right, however, to call as a witness at trial any person identified by any party in pleadings or in the course of discovery, whether in this action or in the federal court action Zhang has filed against MSU and IHL. At this point, MSU reasonably expects that the following persons are likely to be called as witnesses at the trial of this matter:

> Dr. Robert Green
> Associate Dean
> MSU James Worth Bagley College of Engineering
> McCain Hall Room 160
> Mississippi State, MS 39762
> green@bagley.msstate.edu
> (662) 325-2267

**EXHIBIT
19**

1

Dr. Isaac Howard
Director and Professor
School of Civil and Environmental Engineering
MSU James Worth Bagley College of Engineering
1041 Richard A. Rula Engineering and Science Complex
Mississippi State, MS 39762
ilhoward@cee.msstate.edu
(662) 325-7193

Dr. Julie Jordan
Vice President for Research and Economic Development
Mississippi State University
301 Research Boulevard
Starkville, MS 39759
Julie.jordan@msstate.edu
(662) 325-3570

Dr. David Shaw
Provost and Executive Vice President
Mississippi State University
3501 Lee Hall
Mississippi State, MS 39762
david.shaw@msstate.edu
(662) 325-3742

Dr. Li Zhang
95 Woodlands Green Drive
Brandon, MS 39047
(662) 312-6758

MSU anticipates that the following witnesses, if called, would appear by deposition testimony, as they are believed to be unavailable in accordance with the Mississippi Rules of Civil Procedure:

Dr. Kari Babski-Reeves
Associate Vice President for Research
University of Tennessee
John D. Tickle Engineering Building
Knoxville, TN 37996-2315
kari@tennessee.edu
(865) 974-0207

Dr. Jason Keith
Iowa State University Senior Vice President & Provost
Beardshear Hall
515 Morrill Rd.
Ames, IA 50011-2103
jkeith@iastate.edu
(515) 294-0070

MSU does not anticipate calling the following witnesses; however, it may do so depending upon the evidence that is otherwise presented before or during trial.

Kelli Anthony
Instructor, Department of Communication
236 McComas Hall
kanthony@comm.msstate.edu

Leslie Corey
Chief Human Resources Officer
Mississippi State University
McArthur Hall Room 150
Mississippi State, MS 39762
(662) 325-3713

Melody Dale
Associate Professor /Science & Engineering Librarian
Mitchell Memorial Library, Office 2312
mdale@library.msstate.edu
(662) 325-3792

Dr. Dipangkar Dutta
Professor
MSU Department of Physics and Astronomy
10C Hilbun Hall
d.dutta@msstate.edu
(662) 325-3105

3

Dr. Teresa Gammill
Associate Vice President for Research Administration
Mississippi State University
201 Research Boulevard
Starkville, MS 39759
(662) 325-8246

Dr. Robert Grala
George L. Switzer Professor of Forestry
343 Thompson Hall
rkg55@msstate.edu
(662) 325-7039

W. Brett Harvey
Associate General Counsel and Director of Regulatory
Compliance
Mississippi State University
195 Lee Blvd, Suite 3150
Mississippi State, MS 39762
(662) 325-8131

Merri Kilpatrick
Business Manager
School of Civil and Environmental Engineering
MSU James Worth Bagley College of Engineering
1043 Richard A. Rula Engineering and Science Complex
Mississippi State, MS 39762
(662) 325-6944

Dr. Santana Kundu
Southern Ionics Chair
Dave C. Swalm School of Chemical Engineering
santanukundu@che.msstate.edu
(662) 325-7323

Dr. Shien Lu
Professor, Department of Agricultural Science and Plant
Protection
2127 Hill Agriculture Bldg
sl332@msstate.edu
(662) 325-3511

Dr. Robert Moore
Professor of Marketing and Hunter Henry Fellow
Department of Marketing, Quantitative Analysis, and Business
Law
324H McCool Hall
rsm41@msstate.edu
(662) 325-8648

Dr. Dennis Truax
Professor Emeritus
School of Civil and Environmental Engineering
MSU James Worth Bagley College of Engineering

MSU is continuing its preparations for trial, and it will supplement this interrogatory response as appropriate.

**INTERROGATORY NO. 4:** Identify all documents and tangible things you expect to use at trial or that you expect to introduce into evidence at trial.

**ANSWER NO. 4:** MSU objects to this interrogatory to the extent it seeks information that is or may be protected by the attorney-client privilege, work product doctrine, or deliberative process privilege. Without waiving this objection, MSU states that it has not yet made any determinations with respect to documents or tangible things it may use or offer into evidence at trial. MSU reserves the right, however, to use or offer into evidence at trial any documents or tangible things that are identified by any party in pleadings or in the course of discovery, whether in this action or in the federal court action Zhang has filed against MSU and IHL. At this point, MSU anticipates that, among others, all the documents it submitted in

5

connection with the faculty termination hearing are reasonably likely to be used as evidence at trial.

**INTERROGATORY NO. 5:** Identify all Written Communications from December 1, 2022 until present to which any Relevant MSU Representatives was [sic] a party that related to the decision to initiate proceedings to terminate Dr. Zhang.

**ANSWER NO. 5:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or other privileges or protections; without limiting these objections, encompassed by these objections is this interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU, and its incorporated sweeping definition of "Written Communications," which is defined so broadly as to include e-mails, letters, text messages, meeting notes, social media posts, and further undefined categories of documents. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), to the extent not already produced, it is producing the responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those bearing Bates stamps MSU256824-256827.

**INTERROGATORY NO. 6:** Identify all Written Communications December 1, 2022 until present to which any relevant MSU Representatives was [sic] a party that related to the notice of termination issued to Dr. Zhang on February 14, 2024.

**ANSWER NO. 6:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or other privileges or protections; without limiting these objections, encompassed by these objections is this interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU, and its incorporated sweeping definition of "Written Communications," which is defined so broadly as to include e-mails, letters, text messages, meeting notes, social media posts, and further undefined categories of documents. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), to the extent not already produced, it is producing the responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those bearing Bates stamp MSU256527, 256944, 259082-260833.

**INTERROGATORY NO. 7:** Identify all Written Communications December 1, 2022 until present to which any Relevant MSU Representatives was [sic] a party that related to any meeting — including but not limited to the termination hearing — to discuss or consider Dr. Zhang's termination.

**ANSWER NO. 7:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or other privileges or protections; without limiting these objections, encompassed by these objections is this interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU, and its incorporated sweeping definition of "Written Communications," which is defined so broadly as to include e-mails, letters, text messages, meeting notes, social media posts, and further undefined categories of documents. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), to the extent not already produced, it is producing the responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those bearing Bates stamps MSU256528-256799, 256828-256835, 256839-256842, 256877-256889, 256944, 259082-260833.

**INTERROGATORY NO. 8:** Identify all Written Communications December 1, 2022 until present to which any Relevant MSU Representatives was [sic] a party that related to the procedures and deliberations of the termination hearing.

**ANSWER NO. 8:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client

privilege, work product doctrine, deliberative process privilege, or other privileges or protections; without limiting these objections, encompassed by these objections is this interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU, and its incorporated sweeping definition of "Written Communications," which is defined so broadly as to include e-mails, letters, text messages, meeting notes, social media posts, and further undefined categories of documents. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), to the extent not already produced, it is producing the responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those bearing Bates stamps MSU256800-256804.

**INTERROGATORY NO. 9:** Identify all Written Communications December 1, 2022 until present to which any Relevant MSU Representatives was [sic] a party that related to the decisions following the termination hearing—i.e., the hearing panel's recommendation on June 19, 2025, David Shaw's letter to Dr. Keenum on June 20, 2025, and Dr. Keenum's letter purportedly sent to Dr. Zhang on June 23, 2025.

**ANSWER NO. 9:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or other privileges or protections; without limiting these objections, encompassed by these objections is this

interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU, and its incorporated sweeping definition of "Written Communications," which is defined so broadly as to include e-mails, letters, text messages, meeting notes, social media posts, and further undefined categories of documents. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), to the extent not already produced, it is producing the responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those bearing Bates stamps MSU256812-256823, 256889.

**INTERROGATORY NO. 10:** Identify every instance before the originally scheduled February 4, 2025 termination hearing in which David Shaw, a representative of David Shaw's office, or any other employee or agent of the University communicated about the termination hearing that was scheduled in February 2025 to any member of the University's Promotion and Tenure Committee. For each communication, identify the method of communication, the parties to the communication, the content of the communication, and any documents or other materials reflecting such communication.

**ANSWER NO. 10:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, or other privileges or protections. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), it is producing the

10

responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those included in documents bearing Bates stamps MSU257931-259081, which contain ESI from a search of MSU email accounts belonging to Craig Aarhus, Jenna Altomante, Kelli Anthony, Todd Archer, Melody Dale, Dipangkar Dutta, Robert Grala, Santanu Kundu, Shien Lu, Robert Moore, Athena Nagel, and Mary Love Tagert.

**INTERROGATORY NO. 11:** Identify every instance before the June 3, 2025 termination hearing in which David Shaw, a representative of David Shaw's office, or any other employee or agent of the University communicated about the June 2025 termination hearing to any member of the University's Promotion and tenure Committee. For each communication, identify the method of communication, the parties to the communication, the content of the communication, and any documents or other materials reflecting such communication.

**ANSWER NO. 11:** MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, or other privileges or protections. Without waiving these objections, MSU states that, pursuant to Mississippi Rule of Civil Procedure 33(d), it is producing the responsive, discoverable documents it has been able to identify that are not subject to any claim of privilege or other protection, including but not limited to those included in documents bearing Bates stamps MSU257931-259081, which reflect ESI from a search of MSU email accounts belonging to Craig Aarhus, Jenna Altomante, Kelli Anthony, Todd Archer,

11

Melody Dale, Dipangkar Dutta, Robert Grala, Santanu Kundu, Shien Lu, Robert Moore, Athena Nagel, and Mary Love Tagert.

**INTERROGATORY NO. 12:** This is a request for all expert disclosures that a requesting party may require the University to identify under Mississippi Rule of Civil Procedure 26(b)(4)(A). Specifically:

> *For all experts:* each witness whom you will call or may call as a witness at trial to present evidence under Mississippi Rule of Evidence 702, 703, or 705 and whether or not each witness has been retained or specially employed to provide expert testimony.
>
> *For retained or specially employed experts:* state (a) the subject matter on which the expert is expected to testify, (b) the substance of the facts and opinions to which the expert is expected to testify, (c) a summary of the grounds for each opinion, (d) the facts or data considered by the witness in forming the opinions, (e) any exhibits that will be used to summarize the opinions, (f) the witness's qualifications, (g) a list of all publications authored by the witness in the previous ten years, (h) a list of cases during the previous ten years in which the witness testified as an expert at trial or by deposition, and (i) a statement of the compensation to be paid for the study and testimony in the case.
>
> *For non-retained and non-specially employed experts:* state (a) the subject matter on which the witness is expected to present evidence under Mississippi Rule of Evidence 702, 703, or 705 and (b) a summary of the facts and opinions to which the witness is expected to testify.

**ANSWER NO. 12:** MSU objects to this interrogatory on the grounds that it is overly broad, and seeks information beyond that which is required by Mississippi Rule of Civil Procedure 26. Without waiving this objection, MSU states that it has not yet made any determinations with respect to expert witnesses; however, it will supplement this answer in a timely manner in accordance with the scheduling orders in place in this action, as may be modified from time to time.

**INTERROGATORY NO. 13:** Identify every meeting (in person or remote) to discuss or consider any form of reprimand to Dr. Zhang, removal of Dr. Zhang from any instructional role, removal of Dr. Zhang from any research role, the decision to initiate termination

12

proceedings of Dr. Zhang, or the decision to terminate Dr. Zhang. For each meeting, identify the meeting participants, the time and date, the duration, the method (in person or remote), (if applicable) the location, and the subject matter(s) discussed.

ANSWER NO. 13: MSU objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, deliberative process privilege, or other privileges or protections. Without waiving these objections, in addition to any meetings that may be reflected in documents that have been produced or are being produced herewith, and those previously identified in prior discovery responses, including but not limited to MSU's Answers to Interrogatory Nos. 4, 7, and 8 in Zhang's federal court action, MSU is able to identify the following meetings that may be responsive to this interrogatory:

(a)     January 14, 2022: meeting attended by Leslie Corey, Robert Green, Isaac Howard, Jason Keith, Kari Babski-Reeves, and David Shaw; it is believed that the meeting took place at 3:00 p.m. in Room 3007 of Lee Hall, but the duration is not known; the precise details of the conversation are not known, but it is believed that issues regarding Zhang were addressed.

(b)     January 16, 2024: meeting attended by Leslie Corey, Isaac Howard, Jason Keith, Joan Lucas, Julia Morrison, and David Shaw; the meeting is believed to have taken place remotely, but the exact time or duration is not currently known; the precise details of the subject matter discussed are not known and, in any event, would be protected by the attorney-

13

client privilege and deliberative process privilege. Generally speaking, and without waiving the assertions of privilege, MSU believes issues regarding Zhang were addressed in the meeting, including but not limited to leave issues, requests that had been received from Zhang, Zhang's 2023 annual evaluation, and a reprimand.

(c)   June 3 - 5, 2025: termination hearing attended by Zhang; Zhang's attorney Grafton Bragg; Tabor Mullen; MSU's attorneys Charles E. Winfield and Ashlyn B. Matthews at different time intervals; committee members Kelli Anthony (attended remotely), Melody Dale, Dipangkar Dutta, Robert Grala, Santanu Kundu, Shien Lu, and Robert Moore; and witnesses Vijaya Gopu (attended remotely), Isaac Howard, Robert Green, Julia Morrison, Julie Jordan, Dennis Truax, Patrick Sherry (attended remotely), and David Shaw at different time intervals.

Throughout the course of Zhang's employment at MSU, there have been numerous other informal meetings or conversations, including those with Dr. Zhang, regarding the general terms of his employment and unhappiness, many of which may be reflected in the documents produced in this action by MSU. There have also been meetings conducted with outside counsel with respect to this litigation where matters such as those identified in this interrogatory have been discussed; however, those meetings would be protected by the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 14:** Identify all telephone numbers used by any MSU Representative to make or receive calls related to Dr. Li Zhang from December 1, 2022 until

14

present. For each number, identify the service provider and the MSU Representative who used the phone number.

**ANSWER NO. 14:** MSU objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, and seeks information that is not relevant to the issues raised by the claims or defenses of any party; without limiting these objections, encompassed by these objections is this interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU. MSU further objects to this interrogatory to the extent it seeks to obtain information protected by the attorney-client privilege, work product doctrine, or other privileges or protections, including protected privacy interests of non-party individuals and their personal devices over which MSU does not have possession, custody, or control. Without waiving these objections, MSU states that it is unable to specifically identify which telephone numbers would have been used for specific conversations involving specific employees; however, publicly listed MSU telephone numbers for offices or departments involved in employment decisions related to Zhang have likely been used for communications regarding said decisions, including, but not limited to, the following:

        (a)     (662) 325-2268 – Robert Green

        (b)     (662) 325-8124 – Brett Harvey

        (c)     (662) 325-7193 – Isaac Howard

        (d)     (662) 325-3570 – Julie Jordan

        (e)     (662) 325-5112 – Julia Morrison

(f)     (662) 325-3742 – David Shaw

**INTERROGATORY NO. 15:** Identify all MSU Representatives who have learned about any EEOC charge or court filing made ("Protected Action") by Dr. Zhang against the University. For each employee, identify the date on which the MSU Representative learned about Dr. Zhang's Protected Action, how the MSU Representative learned about Dr. Zhang's Protected Action, and from whom the MSU Representative learned about Dr. Zhang's Protected Action.

**ANSWER NO. 15:** MSU objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably limited in time or scope, not proportional to the needs of the case, seeks information that is not relevant to the issues raised by the claims or defenses of any party, and seeks information that is or may be protected by the attorney-client privilege, work product doctrine, deliberative process privilege, or other privileges or protections; without limiting these objections, encompassed by these objections is this interrogatory's incorporated definition of "Relevant MSU Representatives," which includes a list of twenty-seven individuals, including persons who are no longer employed by MSU and one person who has never been employed by MSU. MSU further objects to the definition of "Protected Action" set forth or implied in this interrogatory to the extent it conflicts with the applicable legal definition of the same or imposes a standard other than that imposed by the applicable law. Without waiving these objections, MSU states that MSU first received notice of an EEOC Charge filed by Zhang on March 10, 2022, upon Brett Harvey's receipt of an e-mail from the EEOC regarding the same. MSU became aware of Zhang's first lawsuit against it when its General Counsel received notice of the same on or around May 9, 2023. MSU is able to provide the following additional information regarding employees

16

whose knowledge may be relevant to the issues raised by the claims or defenses in this action:

(a)    Isaac Howard is believed to have learned of Zhang's EEOC Charge by e-mail from Brett Harvey on or around April 18, 2022, and learned of Zhang's first lawsuit by e-mail from MSU's General Counsel on or around May 24, 2023.

(b)    The exact date Julie Jordan learned of Zhang's first lawsuit is not known, but she is believed to have learned of it, at the latest, on or around June 2, 2023, in an e-mail involving MSU's counsel.

(c)    Jason Keith is believed to have learned of Zhang's EEOC Charge by e-mail from Brett Harvey on or around April 17, 2022.  The exact date he learned of Zhang's first lawsuit is not known, but he learned of it, at the latest, on or around June 2, 2023, in an e-mail involving MSU's counsel.

(d)    The exact dates David Shaw learned of Zhang's EEOC Charge and first lawsuit are not known, but it is believed that he would have been informed by MSU's General Counsel within a week or so of General Counsel becoming aware.

17

Respectfully submitted,

AS TO THE ANSWERS TO THE SECOND
SET OF INTERROGATORIES:

Leslie Corey, Chief Human
Resources Officer, for Mississippi
State University

18

AS TO THE OBJECTIONS TO THE
SECOND SET OF INTERROGATORIES:


/s/Charles E. Winfield
 Charles E. Winfield
Miss. Bar No. 10588
cwinfield@winfieldlawfirm.com
Ashlyn B. Matthews
Miss. Bar No. 104424
amatthews@winfieldlawfirm.com
THE WINFIELD LAW FIRM, P.A.
224 East Main Street
Post Office Box 80281
Starkville, Mississippi 39759
Telephone: (662) 323-3984
Facsimile: (662) 323-3920
*Attorneys for Mississippi State University*

19

STATE OF MISSISSIPPI

COUNTY OF OKTIBBEHA

BEFORE ME, the undersigned authority, on this day personally appeared Leslie Corey, who being duly sworn, upon her oath did state that the Amended and Supplemental Answers to the Second Set of Interrogatories contained in the foregoing document are true and correct to the best of her knowledge, information, and belief, based upon information known or made available to her.

_____
LESLIE COREY

SUBSCRIBED AND SWORN before me on this 18th day of December, 2025.

_____
NOTARY PUBLIC

My Commission Expires: 7/14/2028

State of Mississippi
Kaylen Dees Giffin , Notary Public
Oktibbeha County
My Commission Expires 7/14/2028
My Commission Number   482413

20

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a true and correct copy of the above and foregoing document by electronic mail to the following:

> Grafton Bragg
> BraggLaw, PLLC
> grafton@graftonbragglaw.com

Dated: December 18, 2025

/s/ Charles E. Winfield
Charles E. Winfield