**BRAGG LAW**

April 22, 2025

Mississippi State University
Promotion and Tenure Committee
C/O Joan Lucas, general counsel
jlucas@legal.msstate.edu                                                    *Via Email*

Charlie Winfield
Ashlyn Matthews
The Winfield Law Firm, P.A.
224 East Main Street
Starkville, MS 39759
cwinfield@winfieldlawfirm.com
amatthews@winfieldlawfirm.com                                              *Via Email*

RE:     *Li Zhang, Hearing on Proposed Termination*

Dear Promotion and Tenure Committee, Mr. Winfield, and Ms. Matthews:

I write on behalf of Dr. Li Zhang about the upcoming termination hearing scheduled for June 3, 2025 through June 5, 2025. We have three requests ahead of the hearing to ensure that the process is transparent and that Dr. Zhang is afforded the full, fair, and unbiased hearing to which he is entitled.

To allow Dr. Zhang adequate time to prepare, please provide a formal response to these three requests 21 days before the hearing—by May 13, 2025.

(1) We request that the full Promotion and Tenure Committee attend and participate at the hearing. Under HRM 60.113V(D), the notice of termination "will normally be referred to the University Promotions and Tenure Committee" unless "referred to a different faculty panel under the inherent authority of the Provost and Executive Vice President," Dr. David Shaw.

It is our understanding that the University is considering assembling only part of the Promotion and Tenure Committee for the hearing. If so, as we understand it, the University would consider the partial committee to be "a different faculty panel" referred to "under the inherent authority" of Dr. Shaw.

The problem with this is two-fold. First, Dr. Shaw may sometimes have the "authority" to refer a matter to a different panel that already exists: the Faculty Grievance Committee. But nothing about the termination policy would allow Dr. Shaw to assemble a new panel or a subset of an existing panel to consider Dr. Zhang's termination.

Second, Dr. Shaw has a conflict that, in the interest of fairness, should disqualify him from deciding who does and who does not hear Dr. Zhang's case. Dr. Shaw issued the first notice of intent to terminate Dr. Zhang last February. (Exhibit 1, Original Notice of Intent to Terminate). And he was personally involved in the events leading to it. In November 2021, Dr. Zhang had informed his supervisors that he needed to be away for a surgery. In response to this request, the chief human resources officer, Leslie Corey, emailed that the University could not "deny medical leave for an employee." Later in the email chain, Dr. Shaw wrote about Dr. Zhang

EXHIBIT
41

There's **a long history of issues here**, and we need **to aggressively do everything we can** to rectify this situation. He's been repeatedly working the system to his advantage. Leslie, I'd like for you to work with Jason and Isaac to develop an action plan to stop this behavior.

(Exhibit 2, November 2021 Emails) (emphasis added).

Dr. Shaw's rhetoric shows that he is not neutral when it comes to Dr. Zhang. To preserve Dr. Zhang's right to an unbiased hearing, neither Dr. Shaw nor other non-neutral University administrators should be allowed to select the hearing panel—which must be impartial. The best way to minimize any selection bias is to ensure the full Promotion and Tenure Committee participates at the hearing.

(2) We understand that the University may seek to have outside legal counsel represent the University at the hearing. But HRM 60.113 makes clear that this hearing in the educational environment should not devolve into legal proceedings. While attorneys can attend and advise at the hearing, only the "faculty member" and "University official" can "call witnesses to testify" and examine witnesses. HRM 60.113(F)(6)(iii)(iv). In view of this, we request that only Dr. Zhang and the University official recommending his termination—here Dr. Shaw—be allowed to call witnesses, examine witnesses, or otherwise present evidence and argument at the hearing.

(3) Even though the University claims that Dr. Zhang has not been terminated, it has revoked his access to Banner, OneDrive, and his MSU email account. (Ex. 1). Dr. Zhang needs access to these materials to review them, compile documentation, and adequately prepare to defend the accusations made against him. We request that Dr. Zhang's access to be restored at least 21 days before the scheduled hearing.

Please let me know if you have any questions. My number is 601.624.1153.

Best regards,

/s/ *Grafton E. Bragg*

601-624-1153
1060 E. County Line Rd.
Suite 3A-120
Ridgeland, MS 39157
grafton@graftonbragglaw.com
graftonbragglaw.com

2