**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**LI ZHANG**                                                                   **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:23CV71-GHD-DAS**

**MISSISSIPPI STATE UNIVERSITY, et al.**                             **DEFENDANTS**

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Mississippi State University ("MSU"), Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL"), Mark Keenum ("Keenum"), and Alfred Rankins, Jr. ("Rankins") (collectively "Defendants") file this Reply in Support of their Motion for Summary Judgment. For the reasons herein and those set forth in the previously filed memorandum, summary judgment should be granted on all Zhang's claims.

**I.
SUMMARY JUDGMENT SHOULD BE GRANTED**

In resisting summary judgment, Zhang attempts to repackage ordinary academic and administrative interactions as a sweeping "coordinated plan" against him. In doing so, however, he identifies no competent evidence that any challenged decision was made because of his race, national origin, disability, age, or protected activity. The record plainly shows legitimate concerns about Zhang's work and interactions that predated his protected activity and continued thereafter as his conduct and performance issues intensified. He relies on snippets of internal emails that are taken out of context and fail to convert facially legitimate responses to valid issues into unlawful discrimination or retaliation. At most, they reflect frustration with Zhang's conduct and efforts to manage the disruption he caused; they are not direct evidence of unlawful motive and are insufficient to carry his burden under controlling Fifth Circuit standards.

**A.**     **S**UMMARY **J**UDGMENT **S**HOULD BE **G**RANTED ON **Z**HANG'S **FMLA C**LAIMS

Zhang's FMLA and disability-related arguments rest on characterizing ordinary leave

1

administration and interactive-process communications as hostility to protected leave.[1] As set forth in Defendants' previously filed memorandum [dkt. #148], the record shows that Zhang was granted family care and medical leave when he requested it, after necessary clarification of dates and duties that he had left ambiguous, and it further shows that administrators worked to accommodate his requests while also providing protection for students and complying with university policy. Disagreements over how Zhang's teaching obligations would be met while he was on leave do not constitute the denial of or interference with FMLA rights. *See Park v. Direct Energy GP, LLC*, 832 Fed. App'x 288, 293 (5th Cir. 2020); *Acker v. Gen. Motors, LLC*, 853 F.3d 784, 789 (5th Cir. 2017). Moreover, Zhang's failure to identify any actual prejudice forecloses any chance of success on his FMLA interference claim; merely stating that a jury could "infer" prejudice is insufficient to create a genuine issue of material fact. *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021); *Park*, 832 Fed. App'x at 293.

**B.    SUMMARY JUDGMENT SHOULD BE GRANTED ON ZHANG'S DISCRIMINATION CLAIMS**

Zhang fails to make a triable issue on theories of discrimination under Title VII, the Rehabilitation Act, ADA, or the ADEA; his claims fail at both the prima facie and pretext stages. Zhang leans heavily on his self-assessment of academic accomplishments and prior positive evaluations, which have no bearing on whether the challenged actions were taken "because of" a protected characteristic or activity. As already set forth in Defendants' previous filing, each alleged adverse action is either not sufficiently adverse as a matter of law[2], not supported by the record, or is supported by legitimate, non-discriminatory and non-retaliatory reasons that Zhang cannot rebut.

---

[1] Zhang even complains about being told he could take time away from work without having to take leave— something most employees would consider a benefit to them.

[2] Zhang notes that the Supreme Court recently clarified that a plaintiff is not required to show an alleged adverse action was *significantly* harmful. *See Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 355 (2024). The obligation remains, however, to show "some harm respecting an identifiable term or condition of employment." *Muldrow*, 601 U.S. at 354-355. The myriad alleged adverse actions largely fail to meet this standard.

Zhang's race and national origin theories are particularly weak on the elements requiring him to show he was replaced by someone outside his protected class or treated less favorably than similarly situated employees outside of his protected class. Many of his duties were assumed by another Asian / Chinese faculty member, undercutting any inference that MSU and IHL sought to rid the department of Chinese or Asian professors as such. Ex. 2, Howard Dec. at ¶ 6. His reliance on "work-rule" violation cases is also misplaced. Zhang's termination did not stem from a single alleged work-rule violation but from an accumulation of documented conduct and performance issues over time. While he disagrees with the decision to terminate based on those underlying occurrences, he does not contest that they occurred.[3] Zhang cannot show that he was punished for violating a rule that he did not violate, and he still must show that a similarly situated employee was treated more favorably; this, he cannot and does not do.

In addition to failing to carry his burden to show his back pain is sufficient to constitute a disability under applicable law, Zhang also fails to satisfy the Rehabilitation Act's "solely by reason of disability" standard. 29 U.S.C.A. § 794(a); *Harmon v. Collier*, 158 F.4th 595, 608 (5th Cir. 2025). By Zhang's own account, the complained-of actions were driven by a mix of alleged race bias, personal hostility, disputes over grading and research management, and administrative conflict, not solely his back condition or any perceived impairment. On the existing record, no reasonable juror could find that Defendants took any action against Zhang because of any disability, much less *solely* by reason of the same.

Even if Zhang could satisfy the minimal prima facie showing, he has not created a triable issue that Defendants' stated reasons were pretextual. He highlights two stray emails about his

---

[3] Zhang attempts to illustrate the absence of work rule violations by asserting that he timely submitted grades in December 2021 and that his traffic counting project was not unsafe. Zhang was not terminated for failing to timely submit grades, and, by Zhang's own account, his traffic counting project posed significant safety issues, among other things. *See* Ex. 6, Shaw Trans. at 56:9-14.

English that are not tied in time or content to the later, multi-layered termination decision and do not overcome the detailed, non-discriminatory explanations that have been given for each challenged action. *See Jackson v. Cal-Wester Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (even directly discriminatory comments are insufficient to defeat summary judgment if they do not meet certain contextual and temporal criteria, including a requirement that the remark actually be related to the employment decision at issue). The record reflects numerous concerns about Zhang's teaching, communication, grading, course assignments, research, and insubordination. His response relabels these concerns as "file building," and he speculates that they were manufactured after the fact; he does not, and cannot, rebut the underlying facts or offer evidence that similarly situated faculty who engaged in comparable conduct were treated more favorably. Summary judgment is appropriate where, as here, the plaintiff simply disputes the underlying facts of the employer's decision without competent evidence that the stated reasons are false and that discrimination or retaliation was the real reason for the action at issue.

**C.      SUMMARY JUDGMENT SHOULD BE GRANTED ON ZHANG'S RETALIATION CLAIMS**

Zhang cannot meet the Fifth Circuit's demanding causation standard and he cannot otherwise show Defendants' legitimate, non-retaliatory reasons for the decisions at issue to have been pretext. It is not enough to simply show that certain actions occurred after protected activity. *Brown v. Wal-Mart Stores East*, 969 F.3d 571, 579 (5th Cir. 2020). The record reflects a history of performance, conduct, and judgment concerns that predate any protected activity and demonstrates the reasons behind the various challenged actions. Zhang offers no substantial evidence that those reasons are false or that nearly-identical comparators were treated better; he simply complains that Defendants kept record of his wrongs following protected activity.

**D.      SUMMARY JUDGMENT SHOULD BE GRANTED ON ZHANG'S DUE PROCESS CLAIM**

Zhang's due process theory relies upon self-serving allegations of bias and irregularities in

MSU's internal hearing process, but he does not dispute the core procedural protections he received: written notice of the intent to terminate his employment; detailed grounds for the decision supported by exhibits; representation by counsel; a multi-day hearing before a faculty panel with academic expertise; the opportunity to present evidence, cross examine witnesses, and make argument; and further discretionary review by IHL of the completed record. Due process requires notice and a meaningful opportunity to be heard before an impartial tribunal; it does not guarantee that every procedural preference of the faculty member will be satisfied.[4] *Jones v. La. Bd. of Sup'rs of Univ. of La. Systems*, 809 F.3d 231, 236 (5th Cir. 2015). Zhang's complaints about the timing of panel notifications, committee composition, and the involvement of general counsel do not demonstrate that the panel was structurally biased or that the outcome was irrevocably predetermined; in fact, the absence of a unanimous decision from the panel undermines the bias he seeks to portray. The process undertaken to terminate Zhang's employment was in compliance with MSU and IHL policies[5], and he received the process he was legally due. *See* Ex. 50, HRM 60.113; Ex. 52, IHL Policies and Bylaws (2024-2025) at MSU256393-95.

## II.
## CONCLUSION

Zhang's opposition to Defendants' motion for summary judgment offers narrative, conjecture, and rhetorical flourishes, but it offers no evidence from which a reasonable jury could find that Defendants' actions were taken because of unlawful discrimination, retaliation, or a denial of due process. Defendants respectfully request that the Court grant their motion and enter summary judgment in their favor on all claims.

---

[4] Zhang's complaint about the inadvertent shredding of panel members' notes is both a mischaracterization of what occurred and legally irrelevant. The official hearing record was preserved, and it is that record, not any working scribbles from individual faculty panel members, that governs judicial review. Personal notes are not minutes, are not inherently reliable, and do not constitute agency action.

[5] To the extent there was divergence from policy as to timing, it was agreed upon by Zhang and only worked to his benefit.

Dated: March 12, 2026.

Respectfully Submitted,

MISSISSIPPI STATE UNIVERSITY,
MISSISSIPPI BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER
LEARNING, MARK KEENUM, in his
official capacity, and ALFRED RANKINS,
JR., in his official capacity

By:     /s/ Ashlyn B. Matthews
        Ashlyn B. Matthews
        Miss. Bar No. 104424
        amatthews@winfieldlawfirm.com
        Charles E. Winfield
        Miss. Bar No. 10588
        cwinfield@winfieldlawfirm.com
        THE WINFIELD LAW FIRM, P.A.
        224 East Main Street
        Post Office Box 80281
        Starkville, Mississippi 39759
        Telephone: (662) 323-3984
        Facsimile: (662) 323-3920

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the

Court using the ECF system, which sent notification of such filing to the following:

> Grafton E. Bragg
> BraggLaw, PLLC
> grafton@graftonbragglaw.com

Dated: March 12, 2026

/s/ Ashlyn B. Matthews
Ashlyn B. Matthews
