UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LI ZHANG                                                              PLAINTIFF

vs.                                                        Civil No. 1:23-cv-71-GHD-DAS

MISSISSIPPI STATE UNIVERSITY; et al.                                 DEFENDANTS

## <u>MEMORANDUM OPINION</u>

Presently before the Court are Defendants Mark Keenum and Alfred Rankins, Jr.'s joint Motion for Partial Dismissal [Doc. No. 102] and Defendants Mississippi State University and the Mississippi Board of Trustees of State Institutions of Higher Learning's joint Motion for Partial Dismissal [100]. After review, the Court finds the motions should be granted.

### *I.      Background*

The plaintiff in this matter is Dr. Li Zhang ("Plaintiff"), a formerly tenured Chinese American professor of engineering at Mississippi State University in what is now known as the School of Civil and Environmental Engineering.[1] Plaintiff brings several claims against Defendants Mississippi State University ("University"), the Board of Trustees, Mississippi Institutions of Higher Learning ("IHL"), Dr. Mark Keenum, and Dr. Alfred Rankins, Jr. Dr. Keenum is president of the University—a public institution of higher learning in Starkville, Mississippi—while Dr. Rankins is commissioner of the IHL, "the state constitutional governing body of the University."

Plaintiff commenced this action on March 4, 2023 [1], but he has since amended his complaint twice [49; 92]. In the meantime, the Court entered two agreed orders [18; 58] dismissing

---

[1] As required, the Court draws all factual information from Plaintiff's Second Amended Complaint [92]. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

several of Plaintiff's claims; the very same claims at issue in the present motions to dismiss [100; 102]. Relevant to the administrative remedy exhaustion requirements, Plaintiff filed his first EEOC charge in March 2022 against the University, but he later amended his original EEOC charges and filed additional charges. The EEOC sent him his first EEOC right-to-sue letter on March 2, 2023, and he received two more on November 15, 2024, and November 17, 2025. With this context, the Court next discusses the relevant standard.

## II.      *Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

That is, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks

omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570).

As for Rule 12(b)(1), motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

### III.   *Analysis and Discussion*

The Court first addresses the University and IHL's ("institutional defendants") Motion to Dismiss [100] and then turns its discussion to Dr. Keenum and Dr. Rankins's ("individual defendants") Motion to Dismiss [102].

### A. Institutional Defendants

The institutional defendants request the dismissal of Plaintiff's claims under the FMLA with respect to self-care leave, the ADA, the ADEA, and the due process clause of the Fourteenth Amendment on immunity grounds [101]. Plaintiff responds that he "does not assert claims directly

against the University or IHL under the due process clause, ADA, ADEA, or the FMLA's self-care provision," nor did he "intend to bring any Title VII claim against IHL."[2]

Given that much confusion exists regarding the pleadings in this case, the Court clarifies here the claims brought pursuant to the ADA, ADEA, and FMLA's self-care provision were previously dismissed by an Agreed Order [18] dated August 1, 2023, while Plaintiff's claim for deprivation of due process was dismissed by another Agreed Order [58] dated March 13, 2025. The second of these orders [58] clearly states the only remaining claims for adjudication in this matter are:

a. Discrimination and retaliation claims against the University and IHL under the family-care provisions of the FMLA . . . [;]

b. Discrimination and retaliation claims against the University and IHL under the Rehabilitation Act of 1973 . . . [; and]

c. Discrimination and retaliation claims against the University under Title VII of the Civil Rights Act of 1964 . . . .

These are the only remaining claims against the institutional defendants.

As for the institutional defendants' arguments regarding shotgun pleadings, the Court clearly recognizes the highly confusing nature of Plaintiffs' pleading. However, it does not rise to level of a shotgun-style pleading demanding dismissal. The Court therefore finds the institutional defendants' Motion to Dismiss [100] should be granted to the extent it seeks to dismiss claims previously dismissed [18; 58].

### B. Individual Defendants

The Court now addresses Plaintiff's reinstatement claim against the individual defendants in their official capacity under *Ex Parte Young*. The individual defendants argue any potential

---

[2] Because Plaintiff "does not object to dismissal of the direct Title VII claim against IHL," the Court shall dismiss that claim [135].

claims for monetary damages against them or in connection with any allegations of violations of FMLA with respect to self-care leave, the ADA, ADEA, or due process clause of the Fourteenth Amendment should be dismissed [103]. Plaintiff clarifies he is not bringing money damages against the individual defendants, and the Court here again clarifies Plaintiff's claims brought pursuant to the ADA, ADEA, FMLA's self-care provision, and due process clause were previously dismissed by agreed orders [18; 58]. As for the individual defendants' arguments regarding exhaustion requirements, those arguments are moot because the claims at issue were already dismissed in the previously discussed agreed orders [18; 58]. The Court therefore finds the individual defendants' Motion to Dismiss [102] should be granted to the extent it seeks to dismiss any monetary damages or previously dismissed [18; 58] claims, and it is otherwise moot.

### IV. Conclusion

For the foregoing reasons, the Court finds Defendants Mark Keenum and Alfred Rankins, Jr.'s joint Motion for Partial Dismissal [102] should be granted to the extent it seeks to dismiss any monetary damages or previously dismissed [18; 58] claims, and it is otherwise moot. As for Defendants Mississippi State University and the Mississippi Board of Trustees of State Institutions of Higher Learning's joint Motion for Partial Dismissal [100], it is granted to the extent it seeks to dismiss claims previously dismissed [18; 58], and it is otherwise moot.

An order in accordance with this opinion shall issue this day.

THIS, the, 26 day of May, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

5