## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

LI ZHANG                                                          PLAINTIFF

v.                                                          CASE NO. 1:23-cv-71-GHD-DAS

MISSISSIPPI STATE UNIVERSITY et al.                                 DEFENDANTS

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION TO STAY AND/OR CONTINUE

Defendants Mississippi State University and the Board of Trustees of State

Institutions of Higher Learning (together, the "Defendants") respectfully file this

memorandum in support of their motion to stay these proceedings and/or continue the

trial currently set for August 24, 2026, until the post-trial motion now pending in the

parallel state-court action is decided and the judgment becomes final. A stay will spare

Defendants from having to abandon state court defenses and appeal options in an effort to

guard against a double recovery in this case, simplify the issues for trial, and conserve the

resources of the Court and the parties.

## I.
## BACKGROUND

This dispute has produced two lawsuits, both arising from the now-terminated

employment of plaintiff Li Zhang ("Zhang"). This was the first case filed. In this federal

action, Zhang originally asserted a number of claims, including several for which the

Defendants held Eleventh Amendment immunity. After some of Zhang's claims were

dismissed, Zhang filed a state court case against the Defendants asserting those dismissed

claims in that court. Notwithstanding a contrary forum-selection clause in his employment

contract (and which will be an eventual subject for appeal in state court), Zhang filed that

1

action in the Circuit Court of Hinds County, Mississippi. That state court action proceeded to trial, and Zhang obtained a $493,000 jury verdict on his breach of contract claims. The Circuit Court entered judgment on the verdict on April 16, 2026. On April 27, 2026, within the ten days allowed, Defendants timely filed a motion under Mississippi Rules of Civil Procedure 50(b) and 59(a) for judgment notwithstanding the verdict, a new trial, or a remittitur. That motion remains pending today. Because that timely motion suspends the finality of the judgment, the judgment is not yet final, and that case, though fully tried, is not yet entitled to preclusive effect.

Both this action and the state court action involve the same operative facts, but the vehicle for asserting the legal claims flowing from those facts was slightly different. In the state court action, Zhang proceeded largely on a breach of contract theory, arguing, among other things, that his termination as a tenured professor was unwarranted in view of the heightened protections against termination afforded to tenured professors. In this case, Zhang does not rely upon contract theories; rather, he asserts claims under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the family-care provisions of the Family and Medical Leave Act.

The state court litigation does not have preclusive effects on the legal basis of the claims in this case; the jury made only a finding that a contract was breached without making any findings for or against with respect to any leave or discrimination aspects of Zhang's claims. The damages sought in the two cases, however, do overlap, particularly with respect to economic damages. Simply put, Zhang seeks damages in both cases for the same loss of income resulting from the same termination. At a minimum, with the state

court judgment not yet final, there remains much to sort out. Complicating matters, trial in this case is set for the week of August 24, 2026, and it appears that Zhang will seek to recover at least some element of economic damages or other remedies associated with his termination, which were the subject of the state court action, as well as emotional distress damages, which were not.

**II.**
**THIS MATTER SHOULD BE STAYED AND/OR THE TRIAL**
**CONTINUED UNTIL THE STATE COURT ISSUES HAVE BEEN RESOLVED**

A district court possesses broad inherent authority to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (power to stay proceedings incidental to power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants). In deciding whether to grant a stay, the Court weighs the competing interests at stake: the hardship or inequity the movant would suffer if required to go forward, the prejudice a stay would work on the non-moving party, and the judicial economy to be gained by narrowing or simplifying the issues. *Id*. at 254–55.

The Fifth Circuit has approved staying a federal case where a state-court judgment on overlapping claims is not yet final. *See, e.g., Glen Oaks Utils., Inc. v. City of Houston*, 280 F.2d 330, 333–34 (5th Cir. 1960); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 397 (5th Cir. Unit B 1981). Here, a stay of the case, or at least a continuance of the trial date, is proper.

First, Zhang's complaint in this case seeks recovery for many of the same termination-related economic losses and remedies Zhang sought in state court. Following a ruling on the pending post-trial motion in state court, both the amount and the finality of

that award will be fixed. Trying the federal case before that judgment becomes final (or a new trial is ordered) risks a second judgment for the same loss before the first is even final.

Second, in the absence of a stay (or at least a continuance of the trial), the Defendants would face a significant dilemma, which is the product of timing rather than the merits. Zhang's federal economic damages (back pay, lost income, and lost benefits) are the same money the state jury has already awarded him for the same termination, and the law does not permit him to collect that loss twice. *See Malvino v. Delluniversita*, 840 F.3d 223, 233–34 (5th Cir. 2016) (applying the one-satisfaction rule to bar a plaintiff from recovering twice for the same injury). But the defenses that prevent such a double recovery depend upon a final state judgment; until the judgment becomes final, they are not ripe and cannot be asserted to bar or offset the overlapping damages. Although the Hinds County Circuit Court has entered judgment on the verdict, Defendants' timely Rule 50(b) and 59(a) motion suspends its finality. *See Braswell v. Ergon Oil Purchasing, Inc.*, 179 So. 3d 997, 1004–05 (Miss. 2015) (a timely Rule 59 motion stays the finality of a judgment); *see also Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 124 So. 3d 643, 645 (Miss. 2013) ("Rule 59(e) motions stay the finality of judgments as well as the thirty-day time period to appeal.") (citation omitted); M.R.A.P. 4(d).

If the federal trial goes forward on its current setting, Defendants are placed in an untenable position, whereby they might be forced to abandon their post-trial motions in the state court so as to advance a defense here. Either a stay of the case or a continuance of the trial removes the conflict. Once the state court rules on the post-trial motion, the application of that judgment in this case becomes more certain. Moreover, the Defendants' challenge to

4

the verdict would be fully preserved for appeal without prejudicing the defense of Zhang's claims here.

Third, a stay also serves the interest at the center of *Landis*, the "economy of time and effort for [the court], for counsel, and for litigants." Once the state judgment is final, it will, under 28 U.S.C. § 1738 and Mississippi preclusion law, bar or offset the economic core of Zhang's federal damages and may narrow this case to its non-overlapping remedies. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980) (a federal court must give a state judgment the same preclusive effect it would receive in the rendering State's courts). Proceeding in the reverse order, with the federal trial first and state finality second, guarantees the possibility of duplication and invites inconsistency.

The stay Defendants request is not indefinite but is tied to a definite event, the state court's ruling on a fully briefed post-trial motion now pending before it. Whatever time the state court requires, the endpoint is tied to a particular event. To ensure the stay remains bounded even if the state court has not yet ruled, Defendants propose that it run only until November 1, 2026, with the parties directed to file a report on the status of the state-court judgment by that date, at which point the Court may reset the trial, lift the stay, or extend it as the circumstances warrant.

Zhang will suffer no material prejudice from the requested stay. He already holds a $493,000 verdict, subject only to the ordinary procedures of state court; his federal claims are fully preserved; and nothing about postponing the trial impairs his ability to prove them. Whatever interest Zhang has in trying the federal case sooner is far outweighed by the hardship to Defendants and the judicial economy a stay will produce.

Finally, this posture is a product of the case's procedural history, not of any litigation tactic by the Defendants. The pleadings were amended several times, most recently in December 2025, and the Court resolved the motions to dismiss only in late May 2026, so the remaining claims took their present shape just weeks ago. Moreover, the state court case is not yet even final, so allowing both cases to proceed to judgment on the same economic damages at once creates a real risk of duplicative recovery that a brief stay would avoid.

### III.
### PRIOR STAY RULINGS DO NOT CONTROL

The Court's Order of January 22, 2026 denying a stay does not mandate a different result. That motion to stay was plaintiff's, and it sought only the discovery stay that attaches to Defendants' immunity motion under Local Uniform Civil Rule 16(b)(3)(B). The Court denied it because discovery was closing the following day, so a stay would not have spared the parties any discovery burden. That ruling had nothing to do with the state court verdict, which did not yet exist, or with the preclusion and one-satisfaction concerns raised here. Defendants now seek a different stay, of the trial itself, on grounds that arose only when the state court entered judgment in April. The intervening judgment, and the double recovery it now threatens, is a change in circumstances that the January order did not address. Defendants do not seek this stay lightly, having earlier urged the case forward; what has changed is the entry of a $493,000 judgment that now creates a concrete risk of double recovery that did not exist in January.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay these proceedings and/or continue the trial until November 1, 2026, vacate the current trial setting, direct the parties to file a report on the status of the state-court judgment by that date, and reset the trial and the remaining pretrial deadlines thereafter as appropriate. A stay now will preserve the parties' defenses, prevent a double recovery, avoid inconsistent judgments, and conserve the resources of the Court and the litigants.

Dated: July 22, 2026

Respectfully submitted,

/s/ Charles E. Winfield
Charles E. Winfield
Miss. Bar No. 10588
cwinfield@winfieldlawfirm.com
THE WINFIELD LAW FIRM, P.A.
224 East Main Street
Post Office Box 80281
Starkville, Mississippi 39759
Telephone: (662) 323-3984
Facsimile: (662) 323-3920

OF COUNSEL:

Berkley N. Huskison
Miss. Bar No. 9582
bhuskison@mitchellmcnutt.com
MITCHELL, MCNUTT & SAMS, P.A.
215 Fifth Street North
Post Office Box 1366
Columbus, Mississippi 39703-1366
Telephone: (662) 328-2316
Facsimile: (662) 328-8035

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed the above and foregoing with the Court's ECF system, which sent notice to all parties.

Dated: July 22, 2026

/s/ Charles E. Winfield
Charles E. Winfield

8