**Tuesday, October 17, 2023 at 14:42:57 Central Daylight Time**

**Subject:** RE: Dr. Zhang

**Date:** Friday, June 23, 2023 at 3:51:19 PM Central Daylight Time

**From:** Ashlyn Matthews

**To:** Grafton Bragg

Grafton –

I have spoken with MSU and we will not be waiving any immunity defenses. This does not come from a place of trying to be difficult; there are valid concerns with waiving the defenses, even though we may be subject to the plaintiff filing another suit in state court. I am happy to discuss further if you want to give me a call sometime next week.

That said, I have been authorized to offer $10,000 to settle this action. This comes with a requirement of separation from future employment and the typical non-publicity / confidentiality provisions. The separation from employment could be a resignation or retirement, whichever your client prefers, and we could arrange a neutral reference for Dr. Zhang.

Please let me know if your client would like to accept the offer, and I will get things moving on our end.

Thanks,
Ashlyn

Ashlyn B. Matthews
The Winfield Law Firm, P.A.
224 East Main St.
Starkville, Mississippi 39759
662.323.3984 (Main)
662.323.9232 (Direct)
662.323.3920 (Fax)
amatthews@winfieldlawfirm.com

==========
The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designation recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
==========

**From:** Grafton Bragg <grafton@graftonbragglaw.com>

**EXHIBIT**

**1**

**Sent:** Tuesday, June 20, 2023 4:37 PM
**To:** Ashlyn Matthews <AMatthews@winfieldlawfirm.com>
**Subject:** Dr. Zhang

Hi Ashlyn,

Just following up from our conversation today.

(1) As I understand, you are going to touch base with your clients to see if they'll waive 11th Amendment Immunity on our claims for breach of contract so that we'll avoid having parallel lawsuits. As I mentioned, many of the statutes we reference are (under our theories) incorporated into Dr. Zhang's contract. Whether or not they are willing to do that, I think we'll be able to reach a good bit of common ground on your motion. I may, however, need an extension while we work through the contract question.

(2) You asked for an opening demand to see whether early resolution is feasible. I spoke with Dr. Zhang, and we wanted to respectfully request that your clients make the opening offer. At least 3 different times during the EEOC process, we approached MSU (through counsel and through the EEOC process) about resolving the matter without the need for litigation, and we did not receive any interest in those overtures. At this point, Dr. Zhang is willing to fight this out but he's also willing to consider a way to resolve things. He'd just like for your side to take a step in his direction.

Please note that, while nothing is off the table from a negotiation standpoint, a discontinuation of employment would be a pretty significant loss to Dr. Zhang, considering he has a 7-year old special needs child, and he does not have a replacement source of income lined up. So any resolution that included such a term would have to account for that loss.

Best regards,



*Grafton Bragg*

(601) 624-1153
graftonbragglaw.com

 

--