IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LI ZHANG                                                                      PLAINTIFF

v.                                                    CASE NO. 1:23-cv-71-GHD-DAS

MISSISSIPPI STATE UNIVERSITY, et al.                          DEFENDANTS

<u>MEMORANDUM IN OPPOSITION TO MOTION TO STAY CASE</u>

The state-court jury returned a 12-0 verdict in March. *Zhang v. Mississippi State University*, 25CI1:23-441-AHW, MEC [117-2], at 427). Defendants filed a Rule 59 motion in state court in April. *Zhang v. Mississippi State University*, 25CI1:23-441-AHW, MEC [122]). Now, only less than a month before the August 2026 trial, Defendants have asked to stay or continue the federal trial because of a procedural posture they've known about for several months.

The motion should be denied. Under Fifth Circuit precedent, Defendants' request is properly viewed as a motion for this Court to abstain under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But abstention is only available under *Colorado River* when (1) federal and state cases are truly parallel and (2) there are exceptional circumstances that warrant staying the federal case. Because the state court proceedings will not resolve this federal case, the two actions are not parallel within the meaning of *Colorado River*. Even if they were, there are no exceptional circumstances

that would justify a stay. Quite the opposite, the *Colorado River* factors point squarely toward moving forward with the scheduled trial.

Even apart from the *Colorado River* analysis, Defendants' concerns about a possible double recovery are misplaced. Having a preclusive state-court judgment before the federal trial is not required to prevent a possible double recovery or inconsistent damages awards. The Court need only issue a verdict form with discrete damage categories and then, after judgment, place a one-satisfaction limitation in the judgment on categories (if any) that it finds were already awarded through the state court judgment. *See Thomas v. Hughes*, 27 F.4th 995, 1018 (5th Cir. 2022).

This approach would avert the delay of this trial that Defendants request and the attendant prejudice to Dr. Zhang. It is no light thing to prepare a case for a federal trial, and Dr. Zhang has done that. It would be unfair, less than a month from trial, to force a trial preparation reset just to avoid a hypothetical double recovery that can be adequately addressed through normal procedures without a stay or continuance.

A federal court has the "'virtually unflagging obligation' to hear and resolve questions properly before it." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024) (quoting *Colorado River*, 424 U.S. at 817). The Defendants' motion to stay or continue should be denied.

2

<u>ARGUMENT</u>

### *(1) A stay or continuance is not appropriate under the* Colorado River *Abstention Doctrine.*

Defendants have asked for a generalized stay under the Court's inherent authority. But for a stay to allow related state court proceedings to progress, the *Colorado River* doctrine supplies the standard. *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465 (5th Cir. 2012).[1] This is because pausing a federal case "is effectively a decision to defer to the state court proceedings," and this "is inappropriate in the absence of a finding that abstention is warranted." *Id.*; *see also Emps. Mut. Cas. Co. v. West*, 1:16-cv-4-SA-DAS, 2017 WL 11297276, at *1 (N.D. Miss. Jan. 9, 2017) ("[T]he appropriateness of abstention must be assessed according to the 'exceptional circumstances' doctrine set forth in *Colorado River* ….").

The *"Colorado River* standard represents an extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *West*, 2017 WL 11297276, at *1 (quoting *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th

---

[1] Some district court authority suggests that the Court's inherent authority could allow for a stay, distinct from *Colorado River*, in situations where the underlying state case would "not have a legally preclusive effect on any of the issues or claims . . . ." *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 487 (N.D. Tex. 2016). This view from *Fishman* has not been endorsed by the Fifth Circuit. At any rate, the Defendants expressly ask for a stay or continuance for preclusion purposes. Even under the *Fishman* view, therefore, the *Colorado River* standard necessarily applies here. *Id.* at 486.

Cir. 2005)) (cleaned up). Defendants have not relied on, analyzed, or even cited *Colorado River*. The doctrine does not warrant abstention here.

Abstention under *Colorado River* is only proper where the proceedings are "parallel" within the meaning of that doctrine. *Id.* The "parallelism" question primarily asks "whether the state proceeding w[ill] be dispositive of a concurrent federal proceeding." *Honeywell Int'l, Inc. v. Moran*, No. CV 25-755-JWD-EWD, 2026 WL 1847053, at *3 (M.D. La. June 26, 2026) (citations omitted). That is, "the central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Cook v. Marshall*, 645 F. Supp. 3d 543, 554 (E.D. La. 2022) (citation omitted), *aff'd* 126 F.4th 1031 (5th Cir. 2025). Defendants squarely admit the state-court judgment does not dispose of Dr. Zhang's federal claims. (ECF [173], at 2) (admitting that the "state court litigation does not have preclusive effects on the legal basis of the claims in this case"). Dr. Zhang makes federal claims here and seeks different relief that was not available on his state-court claims and was not adjudicated through the state-court judgment. Because the state-court proceedings will not end this federal case, the proceedings are not "parallel" under *Colorado River*.

Even if the proceedings were parallel, the stay would still be unwarranted absent a finding of "exceptional circumstances" under *Colorado*

4

*River. Saucier*, 701 F.3d 458, at 462. The six factors relevant to that inquiry would be:

> (1) assumption by either court of jurisdiction over a *res;*
> (2) relative inconvenience of the fora;
> (3) avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) the extent to which federal law provides the rules of decision on the merits; and
> (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* (citing *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)). In evaluating these factors, the "balance" is "heavily weighted in favor of the exercise of jurisdiction." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

The factors do not favor abstention here. Neither the state nor the federal court has assumed jurisdiction over any physical property. Both cases are pending in court sitting in Mississippi, and the federal case is closer to Mississippi State University, where the acts and omissions at issue largely occurred. Although the state action proceeded to judgment first, the federal court assumed jurisdiction first because it was filed first. Initially, Dr. Zhang sought to pursue all claims here, but Defendants declined to waive immunity and forced the parallel state-court suit. (Exhibit 1, Counsel Emails Regarding Parallel Litigation). With only federal claims remaining here now, federal law necessarily provides the rules of decision on the merits of all pending claims.

And the state proceedings, which involved only state-law claims, will not afford Dr. Zhang the federal-law relief that he seeks. Thus, even if the proceedings were "parallel" in the *Colorado River* sense, there are no exceptional circumstances that would justify the stay that Defendants request.

### *(2) Dr. Zhang will not receive a double recovery under an appropriately tailored verdict form and judgment.*

Defendants claim that, absent a final state-court judgment with preclusive effect, they cannot raise "defenses that prevent . . . a double recovery." (ECF [173], at 4). But their position places too much hope in the impact of a preclusive state-court judgment. It's unclear how their proposal—awaiting a ruling on their motion for new trial in state court—would solve the problem. What if their state-court motion is denied and the judgment becomes final but then is reversed on appeal two years later? What if, even after that, there is a second trial in state court with a different (and possibly even larger) damage award?

There is a much more straightforward solution to double recovery. To protect against a double recovery here, the Court can submit a verdict form that clearly delineates the various categories of damages that Dr. Zhang seeks from the jury. The Court can compare the two judgments, rule on which categories (if any) overlap with the state-court award, and provide that Dr. Zhang may not obtain more than one satisfaction of the same economic loss (if

any). That approach would prevent double recovery without prematurely reducing either award based on a judgment that may be later reversed or modified.

Tailoring a judgment in this way is consistent with the Fifth Circuit's approach in *Thomas v. Hughes*, 27 F.4th 995, 1018 (5th Cir. 2022), and there is no reason that it would not work here too. Then if the state-court judgment stands, there can be no improper double recovery. If the state-court judgment is overturned, the federal judgment will still be effective.[2] There is no need to wait on all possible contingencies to play out before having a federal trial.

### (3) *Dr. Zhang would be prejudiced by a stay.*

Dr. Zhang would, contrary to Defendants' assertion, be materially prejudiced by a stay. Dr. Zhang filed this case to vindicate the violations of his federal rights. During the litigation, Defendants terminated Dr. Zhang, cutting off his primary source of income and benefits. A state-court jury unanimously found that Defendants had breached Dr. Zhang's tenure contract and awarded him a significant judgment for the Defendants' wrongful actions. Although Dr. Zhang has that judgment, it has not been satisfied. And Defendants anticipate an appeal, which could take years. This leaves Dr. Zhang, an individual with

---

[2] Dr. Zhang does not concede that the state court judgment would overlap with any damages that may be awarded here. It was a general unallocated verdict that merely established the breach of contract and Dr. Zhang's damages. Regardless, these issues can be resolved if necessary after the federal trial, and there is no need to postpone it.

limited resources, in the position of having to fund the federal litigation without a reliable source of income.

Dr. Zhang has done just that as this case approaches trial, which is set to go forward in less than a month. A stay or continuance at this late stage would force an unnecessary and costly trial-preparation reset. This may cause no real financial hardship to Defendants—both major state institutions. But it would impose material hardship on Dr. Zhang.

Plaintiffs "have a significant interest in being able to timely pursue their case." *Murry v. City of Indianola, Miss.*, No. 4:23-cv-97-DMB-DAS, 2023 WL 6394377, at *3-*4 (N.D. Miss. Sept. 30, 2023). Defendants' proposed stay is, in effect, indefinite because there is no certainty about when the trial would be reset. Staying a civil case "for an indeterminate amount of time" adversely impacts parties' rights. *Langiano v. City of Fort Worth, Tex.*, No. 22-10974, 2025 WL 760295, at *3 (5th Cir. Mar. 11, 2025). And with "the real danger of a long delay," Dr. Zhang "would be exposed to all the perils intrinsic in any long delay, including the potential dimming of memories or loss of other evidence." *Murry*, 2023 WL 6394377, at *4.

CONCLUSION

This federal court need not await a final state court judgment before resolving Dr. Zhang's claims for relief under federal law. The motion to stay or continue should be denied.

8

Dated: July 31, 2026

LI ZHANG

/s/ Grafton E. Bragg
GRAFTON E. BRAGG

GRAFTON E. BRAGG (MSB # 104821)
BraggLaw, PLLC
965 Madison Avenue
Suite 2C
Madison, MS 39110
601.624.1153

9